[Civ. No. 52310. Second Dist., Div. Four. Aug. 18, 1978.]

GEORGIA LAMB, Plaintiff and Appellant, v.
HOLY CROSS HOSPITAL et al., Defendants and Respondents.

**COUNSEL**

Russell S. Balisok for Plaintiff and Appellant.

Early, Maslach, Leavey & Nutt, Frank J. Ceglar, Jr., Michael A. Griott, Keenan & Tobin, P. Dennis Keenan, Fidler, Bell & Dyer, Michael A. Bell and David A. Lowe for Defendants and Respondents.

**OPINION**

**KINGSLEY, J.**—Plaintiff appeals from a judgment confirming an award of arbitration adverse to her. We dismiss the appeal.

Plaintiff filed a medical malpractice action against defendant hospital and her attending physicians and surgeons. The defendants demanded arbitration, which was ordered by the trial court.[1] The arbitration was in favor of the defendants who moved, successfully, for confirmation.

After defendant's petition for confirmation had come duly on for hearing, no one appeared in opposition and an order of confirmation was entered on June 10, 1976. The clerk's notice of that order was mailed on June 11, 1976, to the then counsel for plaintiff. On July 9, 1976, plaintiff, appearing by new counsel, filed her motion to vacate the judgment of confirmation. After the filing of declarations in support of and in opposition to the motion, and oral argument, the motion was denied on August 26, 1976. On September 24, 1976, plaintiff filed a notice of appeal, reciting that it was both from the "judgment" of the confirmation and from the order denying the motion to vacate.

I

The notice, insofar as it purports to appeal from the order of confirmation, having been filed more than 60 days after notice of entry of that order, was not timely under subdivision (a) of rule 2, California

---

[1] The order was made by Judge Rea of the superior court.

Rules of Court, unless the time for appeal had been extended under subdivision (b) of rule 3 of those rules.

That subdivision reads as follows: "When a valid notice of intention to move to vacate a judgment or to vacate a judgment and enter another and different judgment is served and filed by any party on any ground within the time in which, under rule 2, a notice of appeal may be filed, or such shorter time as may be prescribed by statute, and the motion is denied or not decided by the superior court within 150 days after entry of the judgment, the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after entry of the order denying the motion to vacate or until 180 days after entry of the judgment, whichever shall be less."

To be effective, a notice under rule 3(b) must be a "valid" motion. We construe that term to mean a motion based on some recognized grounds for vacation; it cannot be stretched to include any motion, regardless of the basis for it. So far as we can discover, the only grounds that have been recognized under rule 3(b) are motions based on section 663 of the Code of Civil Procedure, motions based on section 473 of that code, or a nonstatutory motion based on extrinsic fraud or mistake. (See *Estate of Lacy* (1975) 54 Cal.App.3d 172, 177 [126 Cal.Rptr. 432].) The motion herein involved contains no language indicating that it was based on section 473 and no attempt has been made in this court to sustain it on that theory. Nor does the notice set forth any grounds cognizable under section 663. That section authorizes a motion to vacate as follows:

"A judgment or decree, when based upon findings of fact made by the court, or the special verdict of a jury, may, upon motion of the party aggrieved, be set aside and vacated by the same court, and another and different judgment entered, for either of the following causes, materially affecting the substantial rights of such party and entitling him to a different judgment:

"1. Incorrect or erroneous conclusions of law not consistent with or not supported by the findings of fact; and in such case when the judgment is set aside, the conclusions of law shall be amended and corrected.

"2. A judgment or decree not consistent with or not supported by the special verdict."

The order herein involved was not based on the special verdict of any jury, nor were there any findings of fact made by the trial court. Furthermore, the grounds set forth in the motion are not the grounds listed in the statute. The notice states, as grounds, only: "GROUNDS: (1) Defendants perpetuated a fraud on the arbitration tribunal; (2) the arbitration tribunal had no jurisdiction; (3) the order staying proceedings and ordering arbitration is void and unenforceable."

The notice of motion merely asked the trial court to reconsider what had already been decided by the order of August 26, 1976. Neither the notice of motion nor the accompanying points and authorities stated any legal ground for setting it aside. The fraud on which plaintiff relied in her notice was not extrinsic fraud, but intrinsic fraud, consisting of an alleged concealment from plaintiff of part of a hospital record. That is a matter which plaintiff could have urged on the trial court had she appeared at the hearing on the petition to confirm and sought to vacate the award; it is not a matter which she can urge against a final judgment.

## II

Code of Civil Procedure section 1294 lists the orders which are appealable in arbitration proceedings. Subdivision (e) of that section includes "A special order after final judgment." No reported cases have considered whether or not an order denying a motion to vacate an appealable order is made appealable by subdivision (e). For guidance we may look to the cases interpreting the general civil appeals section, now Code of Civil Procedure section 904.1. That section in subdivision (b) authorizes an appeal "From an order made after a judgment made appealable by subdivision (a)."

The case law relating to civil appeals generally has established the principle that "if the grounds upon which the party sought to have a judgment vacated existed before the entry of judgment and would have been available upon an appeal from the judgment, an appeal will not lie from an order denying the motion." (*Litvinuk* v. *Litvinuk* (1945) 27 Cal.2d 38, 44 [162 P.2d 8].) The rationale for that rule is "To permit an appeal from the order refusing to vacate would give the aggrieved party two appeals from the same decision, or, if he failed to take a timely appeal from the judgment, an unwarranted extension of time starting from the subsequent order." (6 Witkin, Cal. Procedure (2d ed. 1971) Appeals, § 91, p. 4098.)

 That reason is applicable here. The motion to vacate the August 26, 1976, order was not based upon facts other than those which were before the court when it made that order; and no issue of law was raised by the motion other than issues which would have been presented on an appeal from the August 26 order if such an appeal had been taken.

The appeal is dismissed.

Files, P. J., and Alarcon, J., concurred.