[Civ. No. 22538. Fourth Dist., Div. One. Dec. 16, 1980.]

STEPHEN BOAS et al., Plaintiffs and Appellants, v.
COUNTY OF SAN DIEGO, Defendant and Respondent.

COUNSEL

Yount & Solomon and Gerald Solomon for Plaintiffs and Appellants.

Donald L. Clark, County Counsel, Lloyd M. Harmon, Jr., Chief Deputy County Counsel, and C. Larry Davis, Deputy County Counsel, for Defendant and Respondent.

OPINION

BROWN (Gerald), P. J.—Stephen and Virginia Boas (Boas) appeal a judgment denying their petition for relief from the claim presentation requirement of Government Code section 945.4.

On April 10, 1979, Boas' daughter suffocated after sinking in an area along the San Diego River allegedly owned by the County of San Diego (County). Despite suffering emotional trauma resulting from their daughter's death, Boas contacted several governmental agencies during early May trying to discover the property owner responsible for the dangerous condition at the accident site and ascertain available remedies. On June 12, Boas contacted County Supervisor Lucille Moore's office suggesting protective measures to prevent future accidents at the site. Supervisor Moore's office promised an investigation and told Boas to forego any other action pending the County's investigative report. On August 27, Supervisor Moore sent a letter to Boas implying the County did not own the accident site.

In September Boas contacted legal counsel who determined the County owned the property. Boas filed an application to present a late claim with the County on September 18 (Gov. Code, § 911.4). On November 6, Boas filed a petition for relief from the claim presentation requirement alleging mistake, inadvertence, surprise, and excusable neglect (Gov. Code, § 946.6, subd. (c)(1)). The superior court found Boas' failure to present a timely claim was not the result of excusable neglect and entered judgment for the County on January 9, 1980.

A claim for wrongful death against a public entity must be presented within 100 days of the accrual of the cause of action (Gov. Code, § 911.2). Presentation of a claim is a condition precedent to filing suit against the entity (Gov. Code, § 945.4). Government Code section

946.6, subdivision (c)(1) permits relief from section 945.4 if the trial court finds the failure to present the claim was through mistake, inadvertence, surprise or excusable neglect.

The purpose of the claims statutes is to provide notice to the entity to insure prompt investigation and disposition of claims (*Fredrichsen* v. *City of Lakewood* (1971) 6 Cal.3d 353, 359-360 [99 Cal.Rptr. 13, 491 P.2d 805]). Here Boas notified the County in June, well within the 100 days of their daughter's death, and the County began an investigation of the alleged dangerous condition. The purpose of the claims statutes was satisfied.

Excusable neglect is "'that neglect which might have been the act of a reasonably prudent person under the same circumstances.'" (*Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 476 [58 Cal. Rptr. 249, 426 P.2d 753].) Government Code section 946.6 is liberally interpreted; the policy of deciding cases on their merits supports resolving doubts in favor of the application for relief (*County of Santa Clara* v. *Superior Court* (1971) 4 Cal.3d 545, 552 [94 Cal.Rptr. 158, 483 P.2d 774]). Here Boas believed they had done everything necessary to notify the County of their claim. Boas told the County of their daughter's death and the County's agent told them to refrain from contacting anyone else pending the County's investigation. Boas reasonably relied upon the assurances of an investigation and waited until receiving the County's report to seek legal counsel. In light of the County's request Boas forego other action pending the County's investigation and the County's supplying inaccurate information regarding ownership of the property, Boas' neglect to file a timely claim is excusable.

The judgment is reversed.

Work, J., and Kilgarif, J.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 11, 1981.

---

*Assigned by the Chairperson of the Judicial Council.