[No. E003692. Fourth Dist., Div. Two. Aug. 17, 1988.]

RAYMOND ROJES, Plaintiff and Appellant, v.
RIVERSIDE GENERAL HOSPITAL et al., Defendants and
Respondents.

**COUNSEL**

Michael J. Fitzgerald for Plaintiff and Appellant.

Thompson & Colegate, James D. Ward, Nora I. Tu, Greines, Martin, Stein & Richland, Martin Stein, Timothy T. Coates, Pamela E. Dunn, Fidler & Bell, Stanley O. Orrock and Michael Bell for Defendants and Respondents.

**OPINION**

CAMPBELL, P. J.—This is an appeal from the trial court's denial of Rojes's "Petition for Order Relieving Petitioner from Provisions of Government Code Section 945.4" (petition for late claim relief).

The issues on appeal are: (1) Is this appeal timely?

(2) Is the denial of a motion for reconsideration an appealable order?

(3) Did the trial court abuse its discretion in denying Rojes's motion for reconsideration?

(4) Did the trial court abuse its discretion in denying Rojes's petition for late claim relief?

(5) Does Government Code section 7530[1] require a public entity to identify itself on all its records?

(6) Is clarification and reconsideration of whether the trial court's order applies to Dr. Stewart necessary?

---

[1] All further code references are to the Government Code unless otherwise specified.

## FACTS AND PROCEDURAL HISTORY

Rojes was beaten and robbed while walking at a shopping mall on October 3, 1984. He drove himself to the Riverside General emergency room for treatment, where he was admitted for surgery for a fractured mandible and nasal bones and for nasal lacerations. When he was admitted, Rojes was "in mild distress, alert, and oriented." On admission to Riverside General, a county facility, Rojes signed an admissions form, which, as part of the financial agreement, stated that Rojes agreed to "reimburse the County of Riverside for all aid and hospital services furnished. . . ."

Dr. Charles E. Stewart III provided Rojes with follow-up care during Rojes's two-day hospital stay and as an outpatient from October through December, 1984.

On September 27, 1985, Rojes filed a complaint for malpractice against Dr. Stewart and Riverside General. In response, on November 14, 1985, Riverside General filed a demurrer to the complaint, arguing that Rojes had not presented a claim to Riverside County as required under the California Tort Claims Act.

Subsequently, on December 10, 1985, Rojes filed a claim and an application for leave to present a late claim with the county. Riverside County denied Rojes's claim and application for late claim relief on January 31, 1986.

Approximately five months later, on June 10, 1986, Rojes filed his petition for late claim relief in superior court, arguing that he did not discover that Riverside General was a governmental entity until November 14, 1985. In support of his argument, Rojes submitted numerous medical records, including radiology reports, urinalysis reports, electrocardiographs, patient's chart, medication record, and discharge summary, none of which designated that Riverside General was a public entity. In addition to these medical records, Rojes submitted the declaration of his subsequent treating physician, Anthony V. Abati, who stated that although he had received and reviewed numerous medical records from Riverside General, they contained no indication that Riverside General was a public entity.

Rojes also submitted his own declaration, in which he stated that although he had signed a form upon admission to Riverside General, he was unaware that the hospital was a public entity until his attorney informed him of that fact in November 1985. Rojes admitted receiving billing envelopes from Riverside General, but he did not recall that they designated that Riverside General was a public entity.

The hearing on the petition was originally set for July 3, 1986. Riverside General filed its opposition on June 23, 1986. The matter was continued to August 19, 1986, and Riverside General filed a supplemental opposition.

In support of its supplemental opposition, Riverside General filed a copy of its billing records for Rojes, and a copy of a billing envelope, which was one of four such envelopes mailed to Rojes. The upper left-hand corner of the envelope contains the following language immediately after the name and address of the hospital: "A Department of the County of Riverside - a public entity." Riverside General also filed a copy of a document entitled "Conditions of Admission," which was signed by Rojes on October 3, 1984, and which specifies in paragraph two that "each of the undersigned agrees to reimburse the County of Riverside for all aid and hospital services furnished. . . ."

On the morning of the hearing, Rojes's attorney indicated he had not seen a copy of the supplemental opposition recently filed by Riverside General, and he was given a copy to review. After reading the supplemental opposition, the attorney stated he was ready to argue.

After hearing argument, the court denied Rojes's petition. A formal judgment and order was signed and filed on August 26, 1986.

On September 2, 1986, Rojes filed an "Application for Motion for Reconsideration and for Clarification of Order Relieving Petitioner from Provisions of Government Code Section 945.4." In his motion, Rojes argued that he was prejudiced because he did not receive Riverside General's supplemental opposition until the morning of the hearing on his petition for late claim relief and also requested the court to clarify whether the order denying late claim relief applied to Dr. Stewart.

In support of his motion for reconsideration, Rojes submitted his attorney's declaration, in which Fitzgerald stated that Riverside General's reply papers introduced material to which he needed additional time to respond. Riverside General had sent about 100 pages of medical bills and reports to his office in response to his July 15th request, and none of the bills or reports identified Riverside General as a public entity.

Rojes submitted his own declaration in which he stated that he was in shock at the time of his admission to Riverside General and that his physical condition and the medication he received impaired his ability to understand information typed in fine print on the hospital admission form. He also stated that neither during or after his hospital stay was he informed that Riverside General or any of the defendants were public entities or

public employees. Finally, Rojes stated that he did not recall reading the inscription on the billing envelopes that Riverside General was a public entity, and that he always threw away the envelopes after opening the bills.

On October 16, 1986, the court denied Rojes's motion for reconsideration and clarified that the original order denying late claim relief was applicable to Dr. Stewart.

Rojes filed a notice of appeal on November 12, 1986.

Additional facts relating to specific issues are set forth below.

DISCUSSION

I

TIMELINESS OF APPEAL

Riverside General contends that this court does not have jurisdiction to consider this appeal because Rojes failed to file a timely notice of appeal. It argues that this court's determination in *Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005 [183 Cal.Rptr. 594], that California Rules of Court, rule 3 extends the time for appealing a judgment where a postjudgment motion for reconsideration has been filed, is incorrect and should be disapproved.

A notice of appeal from the denial of the petition for late claim relief, filed more than 60 days after notice of entry of judgment, is not timely under California Rules of Court, rule 2(a), unless the time for appeal is extended under California Rules of Court, rule 3.[2] Rule 3 provides for an extension of time to file an appeal if a party files and serves a valid motion for new trial (rule 3 (a)), a valid motion to vacate (rule 3 (b)), or a motion for judgment notwithstanding the verdict (rule 3 (d)) and the motion is denied. Notably, however, rule 3 does not specifically provide an extension of time to file an appeal if a motion for reconsideration is filed and denied.[3]

---

[2] California Rules of Court, rule 2(a) provides in relevant part that "Except as otherwise provided by Code of Civil Procedure section 870 or other statute, a notice of appeal shall be filed within 60 days after the date of mailing notice of entry of judgment by the clerk of the court pursuant to section 664.5 of the Code of Civil Procedure, or within 60 days after the date of service of written notice of entry of judgment by any party upon the party filing the notice of appeal. . . ."

[3] California Rules of Court, rule 3 provides in relevant part: "[¶] (a) When a valid notice of intention to move for a new trial is served and filed by any party and the motion is denied, the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after either entry of the order denying the motion or denial thereof by operation of law . . . .

In *Blue Mountain Development Co.* v. *Carville, supra,* 132 Cal.App.3d at page 1009, we stated that "[a] motion for reconsideration under Code of Civil Procedure section 1008 is treated for purposes of rule 3 of the Rules of Court in the same manner as a motion for new trial or motion to vacate," citing our 1968 decision of *Dockter* v. *City of Santa Ana,* 261 Cal.App.2d 69, 74 [67 Cal.Rptr. 686], in support of this statement. We then concluded that "subject to the qualifications stated in rule 3, the timely filing of a motion to reconsider normally extends the time for filing a notice of appeal from the original ruling [if the original ruling is an appealable order] until 30 days after entry of the order denying reconsideration." (132 Cal.App.3d at pp. 1009-1010.)

■ Motions for reconsideration are analogous to motions for new trial and motions to vacate; they are based on different or newly discovered evidence and contain an explanation of why it could not have been discovered earlier, and they are requests to the trial court to vacate or modify a prior decision or reconsider issues previously before it. (Code Civ. Proc., § 1008.) Therefore, we conclude that the rule we stated in *Dockter* 20 years ago and more recently in *Blue Mountain* remains a sound one. We note that this rule has been relied upon by the bar and the courts in the state. (See, e.g., *Tunis* v. *Barrow* (1986) 184 Cal.App.3d 1069 [229 Cal.Rptr. 389]; 6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 39, pp. 354-355.) We also observe that on several occasions during that time the Legislature and the Judicial Council have revised the applicable statutes and court rules; had either body determined that the rule as stated in *Dockter* and restated in *Blue Mountain* was inappropriate, it could have amended the statutes or rules to so reflect.

Additionally, we observe that this rule promotes the policy of favoring applications for relief and resolution of issues in the trial court. To rule otherwise would deter counsel from availing themselves of the remedy provided by Code of Civil Procedure section 1008. If faced with a choice of preserving their right to appeal or filing a motion for reconsideration, counsel certainly would choose to file a notice of appeal. If counsel had filed a motion for reconsideration and the deadline for filing a notice of appeal approached, prudent counsel would file a notice of appeal thereby divesting the trial court of jurisdiction to rule on the motion for reconsideration. In

[¶] "(b) When a valid notice of intention to move to vacate a judgment or to vacate a judgment and enter another and different judgment is served and filed by any party on any ground within the time in which, under rule 2, a notice of appeal may be filed, or such shorter time as may be prescribed by statute, the time for filing the notice of appeal from the judgment is extended for all parties until the earliest of 30 days after entry of the order denying the motion to vacate; or 90 days after filing the first notice of intention to move to vacate the judgment; or 180 days after entry of the judgment."

either case, if rule 3 were not applicable, counsel would be deterred from pursuing the remedy provided by Code of Civil Procedure, section 1008.

■ Here Rojes filed a timely motion to reconsider the trial court's order denying his petition for relief from Government Code section 945.4. Pursuant to our ruling in *Blue Mountain,* the time for filing a notice of appeal was therefore extended until 30 days after the entry of the order denying Rojes's motion for reconsideration. The order denying reconsideration was entered on October 16, 1986, and Rojes filed his notice of appeal on November 12, 1986, well within the 30-day limit. Therefore, Rojes's notice of appeal was timely.

## II

### DENIAL OF RECONSIDERATION

■ Riverside General also contends that the appeal from the order denying Rojes's motion for reconsideration should be dismissed because it is not an appealable order.

Superior court orders and judgments which are appealable are listed in Code of Civil Procedure section 904.1. However, "[o]rders on reconsideration motions are not specifically listed and the only category in which they might be included is 'an order made after judgment.' (Code Civ. Proc., § 904.1, subd. (b).)" (*Blue Mountain Development Co.* v. *Carville, supra,* 132 Cal.App.3d at p. 1010.) In *Blue Mountain,* we held that "the order denying reconsideration may be treated as an order made after judgment" and thus an appealable order, if the original ruling is an appealable order and if the motion for reconsideration is based on new and different facts. (*Id.* at p. 1011.) However, if the motion for reconsideration is "based on exactly the same [factual] showing offered in support of the original application", the order denying reconsideration is not appealable. (*Ibid.*; see *Dockter* v. *City of Santa Ana, supra,* 261 Cal.App.2d at p. 75.) We have now determined that the better ruling is that a denial of a motion for reconsideration is a nonappealable order.

■ An order denying a motion for new trial is not an appealable order. (*Forman* v. *Knapp Press* (1985) 173 Cal.App.3d 200, 203 [218 Cal.Rptr. 815]; *Leventhal* v. *Ollie Morris Equip. Corp.* (1960) 184 Cal.App.2d 553, 558 [7 Cal.Rptr. 911]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 92, p. 113.) This rule obviates the " 'delays incident to the prosecution of two separate appeals in a single action' " where proceedings for new trial are concerned, and provides that " 'such proceedings should be reviewable upon the appeal taken from the judgment.' " (*Fogo* v. *Cutter Laboratories,*

*Inc.* (1977) 68 Cal.App.3d 744, 749 [137 Cal.Rptr. 417], citing *Hughes* v. *De Mund* (1924) 195 Cal. 242, 247 [233 P. 94].)

■ A denial of a motion to vacate a prior judgment also is not appealable, if the prior judgment or order is nonappealable or if the prior judgment or order was appealable and the grounds upon which the vacation is sought existed before entry of judgment. In the first instance, an appeal from an order denying the motion to vacate would make a nonappealable order or judgment appealable. (*Rooney* v. *Vermont Investment Co.* (1973) 10 Cal.3d 351, 358 [110 Cal.Rptr. 353, 515 P.2d 297]; *Litvinuk* v. *Litvinuk* (1945) 27 Cal. 2d 38, 43-44 [162 P.2d 8]; *Title Ins. & Trust Co.* v. *California Development Co.* (1911) 159 Cal. 484, 487 [114 P. 838]; see also *Blue Mountain Development Co.* v. *Carville, supra,* 132 Cal.App.3d at p. 1010.) In the second case, to permit an appeal would give the aggrieved party two appeals from the same decision, or in some circumstances an unwarranted extension of time to appeal, starting from the subsequent order. (*Rooney* v. *Vermont Investment Co., supra,* 10 Cal.3d at p. 358; *Lamb* v. *Holy Cross Hospital* (1978) 83 Cal.App.3d 1007, 1011 [148 Cal.Rptr. 273]; see *Forman* v. *Knapp Press, supra,* 173 Cal.App.3d at p. 203; *Anderson* v. *Sherman* (1981) 125 Cal.App.3d 228, 238-239 [178 Cal.Rptr. 38].)

■ As stated *ante,* motions for reconsideration are analogous to motions for new trial and motions to vacate. The same policy reasons for determining that denials of motions to vacate judgments and motions for new trial are not appealable are applicable to denials of motions for reconsideration: namely, to eliminate the possibilities that (1) a nonappealable order or judgment would be made appealable, (2) a party would have two appeals from the same decision, and (3) a party would obtain an unwarranted extension of time to appeal. (See *Rooney* v. *Vermont Investment Co., supra,* 10 Cal.3d at p. 358; *McConnell* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1985) 176 Cal.App.3d 480, 487 [222 Cal.Rptr. 228]; *Blue Mountain* v. *Carville, supra,* 132 Cal.App.3d at pp. 1010-1011; *Anderson* v. *Sherman, supra,* 125 Cal.App.3d at pp. 238-239; *Lamb* v. *Holy Cross Hospital, supra,* 83 Cal.App.3d at p. 1011; *Litvinuk* v. *Litvinuk, supra,* 27 Cal.2d at pp. 43-44.)

Because we have concluded that the denial of a motion for reconsideration is not an appealable order, we dismiss that portion of the appeal which purports to be from the trial court's denial of Rojes's motion for reconsideration.

## III

### Denial of Late Claim Relief

██ Rojes contends that the trial court abused its discretion in denying his petition for late claim relief pursuant to section 946.6.

██ A judgment or order of the trial court is presumed to be correct, and denial of relief will be upheld unless appellant shows a clear abuse of discretion and that there has been a miscarriage of justice. (*DeYoung* v. *Del Mar Thoroughbred Club* (1984) 159 Cal.App.3d 858, 864 [206 Cal.Rptr. 28].)

Section 946.6 provides the procedure whereby a party whose application for leave to present a late claim has been denied or deemed denied pursuant to section 911.6 may petition the court for relief from the provisions of 945.4 (prohibiting action against public entity in absence of presentation of claim). ██ Before the court may grant petitioner's request for late claim relief, the petitioner "must demonstrate by a preponderance of the evidence that his application to the public entity for leave to file a late claim was presented within a reasonable time, *and* that the failure to file a timely claim was due to mistake, inadvertence, surprise or excusable neglect. [Citations.]" (*Shank* v. *County of Los Angeles* (1983) 139 Cal.App.3d 152, 156 [188 Cal.Rptr. 644]; *Rodriguez* v. *County of Los Angeles* (1985) 171 Cal.App.3d 171, 175 [217 Cal.Rptr. 69].) [Original italics.][4] In ruling on the petition for late claim relief, the trial court exercises the same discretion as when ruling on a motion for relief from default under Code of Civil Procedure section 473. (*Shank* v. *County of Los Angeles, supra,* 139 Cal.App.3d at pp. 156-157; *Tammen* v. *County of San Diego* (1977) 66 Cal.2d 468, 475-476 [58 Cal.Rptr. 249, 426 P.2d 753].) Not every mistake excuses a default; it is "[t]he reasonableness of a misconception leading to the failure to timely file under section 911.2 [that] determines whether relief will be granted under section 946.6. [Citations.]" (*DeYoung* v. *Del Mar Thoroughbred Club, supra,* 159 Cal.App.3d at p. 864.) Additionally, excusable neglect is " ' "that neglect which might have been the act of a reasonably prudent person under the same circumstances." ' " (*Shank* v. *County of Los Angeles, supra,* 139 Cal.App.3d at p. 157, citing *Tammen* v. *County of San Diego, supra,* 66 Cal.2d at p. 476; *Dockter* v. *City of Santa Ana, supra,* 261 Cal.App.2d at p. 75.)

---

[4] Former section 911.2 required that "[a] claim relating to a cause of action for . . . injury to person . . . shall be presented . . . not later than 100 days after the accrual of the cause of action." Section 911.4 requires that an application for leave to present a late claim be filed "within a reasonable time not to exceed one year after the accrual of the cause of action. . . ."

Rojes presented evidence that he was unaware that Riverside General was a public entity and that consequently a government claim should have been filed until his attorney received Riverside General's demurrer to the complaint in November 1985, almost one year after the accrual of Rojes's cause of action. ■ "However, a petitioner or his attorney must show more than that they did not discover a fact until too late; they must establish that in the use of reasonable diligence they failed to discover it. [Citations.]" (*Shank* v. *County of Los Angeles, supra,* 139 Cal.App.3d at p. 157; *Black* v. *County of Los Angeles* (1970) 12 Cal.App.3d 670, 677 [91 Cal.Rptr. 104].) Here there is no evidence that Rojes or his attorney exercised reasonable diligence in an attempt to determine if Riverside General was a public entity. Nor is there any evidence concerning when Rojes retained his attorney or of any affirmative action taken by Rojes's attorney to ascertain whether Riverside General was a public entity.[5]

Riverside General presented evidence that Rojes signed a "Conditions of Admission" form and received envelopes which identified the hospital's connection with the County of Riverside. Rojes admitted that he had signed the admissions form but stated he was unaware the hospital was a public entity until his attorney informed him of that fact more than a year after he signed the form. In his declaration, Rojes also admitted receiving the billing envelopes but did not recall that they specified that the hospital was a public entity.

Therefore, we conclude that Rojes "failed to carry his burden of proof to demonstrate surprise, mistake, excusable neglect, or inadvertence." (*Lutz* v. *Tri-City Hospital* (1986) 179 Cal.App.3d 807, 811 [224 Cal.Rptr. 787].)

■ Rojes also contends that the trial court abused its discretion in denying his petition because Riverside General failed to show it would be prejudiced by his failure to present a timely claim. His argument has no merit. Pursuant to section 946.6, subdivision (c)(1), Riverside General's burden to prove prejudice did not arise until Rojes had met his burden of showing that his failure to present a timely claim was through mistake, inadvertence, surprise, or excusable neglect. (*Shank* v. *County of Los Ange-*

[5] For example, with a minimal amount of effort, Rojes's attorney could have checked the Roster of Public Agencies in the office of the Secretary of State or the Riverside County Clerk's office to determine whether Riverside General had a statement on file as required by section 53051. "By checking the Roster at the end of 70 days, a person can determine whether he must present a claim within the remaining 30-day . . . period available for that purpose. If the agency is not then listed, he need not file a claim." (Cal. Law Revision Com. com., Deering's Ann. Gov. Code, § 946.4, p. 506; see § 946.4, § 53051.) An attorney's or client's failure to investigate the facts surrounding the client's claim is not excusable under the statutes. (See, e.g., *Mitchell* v. *Department of Transportation* (1985) 163 Cal.App.3d 1016, 1022-1023 [210 Cal.Rptr. 266].)

*les, supra,* 139 Cal.App.3d at p. 159.) Because we have concluded that Rojes did not meet his burden, we must also conclude that Riverside General was not required to prove prejudice as a result of Rojes's failure to file a timely claim.

Additionally, Rojes argues that Riverside General had an affirmative duty to identify itself as a public entity to Rojes and/or his attorney and that because it failed to do so, the trial court abused its discretion in denying his petition.[6] He cites *Boas* v. *County of San Diego* (1980) 113 Cal.App.3d 355 [169 Cal.Rptr. 828] in support of his argument.

Rojes's argument fails for two reasons: First, "[t]he burden was upon the plaintiff to ascertain the public status of the hospital and the consequent necessity of filing a claim. [The hospital] was not required to tell plaintiff to file a claim. [Citations.]" (*Shank* v. *County of Los Angeles, supra,* 139 Cal.App.3d at p. 158.) Secondly, *Boas* is not on point. In *Boas,* Boas's daughter suffocated after sinking in the San Diego River. Boas had notified the county within 100 days of his daughter's death and the county had begun an investigation of the dangerous condition, had told Boas to refrain from other action pending its investigation, and had given Boas inaccurate information concerning ownership of the property. Based on those facts, the *Boas* court concluded that the purpose of the claims statutes was satisfied and that "Boas's neglect to file a timely claim was excusable." (*Id.* at p. 358.)

None of the same facts are before us. There is no evidence that Rojes notified Riverside General or the county of his claim within 100 days, that Riverside General had begun an investigation of his claim or had encouraged Rojes to forego his claim. Neither was any evidence presented that Rojes or his attorney corresponded with Riverside General concerning Rojes's claim and that in response Riverside General gave him inaccurate information concerning its status as a public entity.

Based on the foregoing reasoning, we conclude that the trial court did not abuse its discretion in denying Rojes's petition for late claim relief pursuant to section 946.6.

---

[6]Rojes's attorney complains that "One further has to question that after the Complaint was filed on September 27, 1985, while after several conversations with Riverside Hospital's attorney that they failed to alert Appellant's attorney of the status of their client until they finally filed their demurrer on November 14, 1985." As stated *ante,* Riverside General had no affirmative duty to tell Rojes to file a claim.

## IV

### IDENTIFICATION AS PUBLIC ENTITY

Rojes next contends that section 7530 mandates that Riverside General identify itself as a public entity on all Rojes's medical records. Because Riverside General failed to do so, Rojes argues, the trial court was required to grant his petition for late claim relief pursuant to section 7530.

Section 7530 requires that all public entities, when identifying themselves for any purpose, shall identify themselves as public entities. The requirements of this section are satisfied if the appropriate designation "appears on all letterhead stationery of such . . . public entity. . . ." Section 7530 further provides that "[n]otwithstanding any other provision of law, a written application for leave to present a claim pursuant to Section 911.4 shall be granted when it can be shown that the claimant acted with reasonable diligence in pursuing the claim and reasonably believed that the responsible entity was not a public agency by reason of its representations."

"It is axiomatic that in the interpretation of a statute where the language is clear, its plain meaning should be followed. [Citation.]" (*Great Lakes Properties, Inc.* v. *City of El Segundo* (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].) " ' "One who contends that a provision of an act must not be applied according to the natural or customary purport of its language must show either that some other section of the act expands or restricts its meaning, that the provision itself is repugnant to the general purview of the act, or that the act considered in pari materia with other acts, or with the legislative history of the subject matter, imports a different meaning." . . .' [Citation.]" (*Id.* at pp. 155-156.)

Rojes argues that medical records come within the meaning of "letterhead stationery" as that phrase is used in section 7530 and therefore Riverside General was required to identify itself as a public entity on his medical records. However, he has not presented any evidence to support his contention that the words of section 7530 import a meaning other than that which is natural or customary.

Webster's Third New International Dictionary (1964) defines "letterhead" as "a sheet of printed or engraved stationery [usually] giving the name and address of the organization and the nature of the enterprise. . . ." It defines "stationery" as "letter paper accompanied [usually] with matching envelopes." Following the plain meaning of section 7530, we conclude that medical records do not fall within the definition of "letterhead stationery" as that phrase is used in the statute. Medical records

normally include such documents as charts, lab reports, X-rays, and medication records, all of which are usually prepared on forms designed specifically for those purposes. These forms are not by any stretch of the imagination similar to or even used for the same purposes as printed stationery or letter paper.

Therefore, we conclude that Riverside General was not required to identify itself as a public entity on Rojes's medical records. The trial court properly could have determined that section 7530 was inapplicable to Rojes's case and that denial of Rojes's petition for relief based on section 7530 was appropriate.

Assuming arguendo that Riverside General was required to identify itself as a public entity on Rojes's medical records, the trial court had discretion to deny Rojes's petition for late claim relief pursuant to section 7530. Relief under section 7530 is not mandatory upon a showing that the public entity failed to comply with the statute. Before relief is granted under 7530, a claimant has the burden of showing not only that the public entity failed to comply with the requirements of section 7530 that it identify itself as a public entity on its "letterhead stationery" but must also demonstrate (1) that he reasonably believed "that the public entity was not a public entity by reason of its representations" and (2) that he "acted with reasonable diligence in pursuing the claim."

Here there is no evidence in the record to show that either Rojes or his attorney acted with reasonable diligence in pursuing the claim. Because Rojes failed to sustain his burden of showing reasonable diligence, the trial court properly could have denied relief under section 7530.

V

DR. STEWART

Finally, Rojes requests that "the order of the trial court [denying his petition for late claim relief] should be subject to clarification and/or reconsideration since it was silent as to the treatment of Dr. Stewart." The trial court, however, has clarified its prior order. In ruling on Rojes's motion for reconsideration and clarification, and at the insistence of Rojes's attorney, the trial court stated that its ruling denying late claim relief applied to Dr. Stewart. Therefore, we conclude there is no further need for clarification or reconsideration of that issue by the trial court.

## DISPOSITION

Judgment is affirmed.

McDaniel, J., and Dabney, J., concurred.