Filed 12/11/13  Neff v. DeNoce CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| RONALD A. NEFF, | B243414 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LS020957) |
| v. | |
| DOUGLAS J. DENOCE, | |
| Defendant and Appellant. | |

        APPEAL from a judgment of the Superior Court of Los Angeles County, James A. Steele, Judge.  Dismissed.

        Patrick Laird Swanstrom for Defendant and Appellant.

        Law Offices of Michael D. Kwasigroch and Michael D. Kwasigroch for Plaintiff and Respondent.

Defendant and appellant Douglas DeNoce appeals from an order denying his second special motion to strike under Code of Civil Procedure section 425.16.[1] His first anti-SLAPP motion was also denied, and that decision was affirmed on appeal. We lack appellate jurisdiction because (1) the record contains no final, signed order from which an appeal may be taken and (2) the second anti-SLAPP motion is, in substance, a renewal of the original anti-SLAPP motion, and an order denying a motion to renew an anti-SLAPP motion is not appealable. Therefore, we must dismiss this purported appeal.


## FACTUAL AND PROCEDURAL BACKGROUND

*Neff's Petition for Injunction Prohibiting Harassment*

On December 13, 2010, plaintiff and respondent Ronald Neff filed a request for an order to stop civil harassment by DeNoce pursuant to section 527.6, along with an application for a temporary restraining order (TRO). Neff contended that DeNoce had stalked and harassed him through such conduct as aggressive driving, minor verbal threats, obscene hand gestures, and leaving notes about where to park his car. The court granted the TRO on December 13, 2010.


*First Anti-SLAPP Motion*

On December 22, 2010, DeNoce filed a special motion to strike Neff's petition for civil harassment pursuant to section 425.16, alleging that the true purpose of Neff's petition seeking an injunction against harassment was "to stifle, interfere with and restrain [DeNoce] from participating in and prosecuting his

---

[1]    Such a motion is "commonly known as an anti-SLAPP (strategic lawsuit against public participation) motion." (*Olsen v. Harbison* (2005) 134 Cal.App.4th 278, 280.) All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

various civil actions against [Neff]." DeNoce, a former dental patient of Neff's, had sued Neff in 2008 for dental malpractice. Neff filed for bankruptcy in March 2010 and, according to DeNoce, fraudulently transferred real property to a trust in order to keep the property out of the hands of his creditors. DeNoce therefore filed an action to set aside the conveyance as a fraudulent transfer and filed a motion for relief from the stay in bankruptcy court. In his anti-SLAPP motion, DeNoce claimed that "[t]he chilling effect of the restraining orders here, where [Neff's] attorney objects to questions at depositions in the other civil cases on the grounds of 'harassment,' would interfere with [DeNoce's] prosecution of his other matters." The trial court denied the anti-SLAPP motion on the ground that it was untimely.

DeNoce appealed the denial of the anti-SLAPP motion.[2] Although we concluded that the trial court had abused its discretion in denying the anti-SLAPP motion as untimely, we affirmed the order denying the motion on the ground that DeNoce had failed to make a prima facie showing that the challenged cause of action arose from protected activity. Contrary to DeNoce's contention that Neff filed the civil harassment petition solely to thwart DeNoce's litigation against him, we found that the principal thrust of Neff's civil harassment petition was not to enjoin DeNoce from engaging in litigation conduct, but to prevent him from engaging in conduct irrelevant to the litigation, such as driving in a threatening manner.

---

[2]     We have taken judicial notice of the appellate record in the appeal from the order denying DeNoce's first anti-SLAPP motion, in case No. B230064.

3

*Second Anti-SLAPP Motion*

On July 18, 2012, DeNoce filed a second anti-SLAPP motion directed at the same December 13, 2010 petition by Neff alleging harassment. The new motion alleged that since the filing of the first anti-SLAPP motion, "substantial new evidence" had become available to support the motion. In particular, DeNoce alleged, the evidence demonstrated that Neff had obtained and then used the TRO for the improper purpose of interfering with DeNoce's pursuit of his other civil actions against Neff. For instance, he contends that Neff invoked the TRO to avoid obeying a subpoena in his bankruptcy case and to avoid answering deposition questions in DeNoce's medical malpractice suit against him.

Neff opposed the second anti-SLAPP motion, asserting that (1) it was a veiled motion for reconsideration of the original anti-SLAPP motion that did not comply with the requirements for motions for reconsideration under section 1008, and (2) the previous decision of the Court of Appeal affirming the denial of the motion constituted the binding law of the case. In reply, DeNoce argued that "[i]t goes without saying that any motion may be re-filed at any time based upon new evidence," and that the Court of Appeal "did not rule out a renewed Motion based upon new facts."

The trial court deemed DeNoce's second anti-SLAPP motion timely. Addressing the merits, the court noted that DeNoce's motion asserted the same argument made in his original anti-SLAPP motion -- that Neff obtained and used the TRO for the improper purpose of interfering with DeNoce's pursuit of his other legitimate civil actions against Neff -- but the second motion was supported by purported "new evidence." However, the court found that the "new evidence" demonstrated only that Neff was trying to litigate cases relating to his bankruptcy

4

proceeding and other unrelated cases, not harass DeNoce. The court thus denied the motion.

DeNoce purports to appeal from the denial of the second anti-SLAPP motion. As discussed below, however, the record does not contain an appealable order.

## DISCUSSION

I.   *Lack of Appealable Order*

A.   *No Final Order Denying Second Anti-SLAPP Motion*

The appendix filed by DeNoce does not include a final order denying the second anti-SLAPP motion; rather, it includes only the trial court's August 16, 2012 tentative decision denying the motion.[3] An appeal may not be taken from a tentative decision. (*In re Marriage of Hafferkamp* (1998) 61 Cal.App.4th 789, 794; *Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1121.) On our own motion, we have augmented the record to include a minute order dated August 16, 2012, demonstrating that the trial court adopted its tentative decision. (Cal. Rules of Court, rule 8.155(a)(1)(A) ["(a)(1)  At any time, on motion of a party or its own motion, the reviewing court may order the record augmented to include:  [¶]  (A)  Any document filed or lodged in the case in superior court."].) We note, however, that the minute order directed Neff to submit a proposed order. As such, an appeal may not be taken from the August 16, 2012 minute order. (*Herrscher v. Herrscher* (1953) 41 Cal.2d 300, 304 ["[W]here findings of fact or a

---

[3]   We also note that DeNoce violated the California Rules of Court by failing to include the notice of appeal in his appendix. (Cal. Rules of Court, rules 8.124(b)(1)(B) and 8.122(b)(1)(A).) However, our own clerk's file shows a notice of appeal was filed on August 17, 2012, and thus we may overlook DeNoce's failure to include a copy in his appendix. (*Neville v. Chudacoff* (2008) 160 Cal.App.4th 1255, 1261, fn. 5.)

further or formal order is required, an appeal does not lie from a minute order."]; Cal. Rules of Court, rule 8.104(c)(2) ["The entry date of an appealable order that is entered in the minutes is the date it is entered in the permanent minutes. But if the minute order directs that a written order be prepared, the entry date is the date the signed order is filed."]; *Cole v. Patricia A. Meyer & Associates, APC* (2012) 206 Cal.App.4th 1095, 1123, fn. 9.)

We requested supplemental briefing on the question whether the appeal should be dismissed for failure to obtain and include in the appellate record a formal order. DeNoce filed a letter brief in which he concedes that the superior court record contains no such order. However, he argues that this court would be elevating form over substance were we to dismiss his appeal based on the lack of a final, appealable order, when the parties have treated the trial court's tentative ruling as the final order on the anti-SLAPP motion. He further asserts that he should not be penalized when it was Neff's responsibility to submit a proposed order. His arguments are not well-taken.

"'In California the right to appeal in civil actions is wholly statutory. [Citation.] In order to exercise that right an appellant must have standing to appeal, and must take an appeal from a statutorily declared appealable judgment or order.' [Citation.]" (*Jordan v. Malone* (1992) 5 Cal.App.4th 18, 21 (*Jordan*).) "[A] court has no discretion to hear the merits of a case over which it lacks jurisdiction." (*Planning & Conservation League v. Department of Water Resources* (1998) 17 Cal.4th 264, 274.) Further, even though Neff was the party directed to prepare and submit a proposed order, his failure to do so does not relieve DeNoce from the requirement of appealing from an appealable order. (*Jordan, supra*, 5 Cal.App.4th at p. 21.) "[T]he ultimate responsibility rests with the appealing party," and DeNoce could have requested the trial court to compel

6

Neff to prepare the order or requested permission to prepare and file the order himself to perfect his appeal rights.  (*Ibid*.)

In sum, we do not address the merits of DeNoce's appeal in the absence of an appealable order.

B.  *Order Denying Renewed Anti-SLAPP Motion Is Not Appealable*

Even if DeNoce were able to procure a final, signed order denying his second anti-SLAPP motion and we were to treat the instant appeal as being taken from that order, we would still lack jurisdiction.

1.  *Second Anti-SLAPP Motion Was a Renewal of Original Anti-SLAPP Motion*

For the reasons discussed below, DeNoce's second anti-SLAPP motion must be construed as a renewal of his original anti-SLAPP motion, arising under section 1008, subdivision (b).

Section 1008, subdivision (b), provides:  "A party who originally made an application for an order which was refused in whole or part, . . . may make a subsequent application for the same order upon new or different facts, circumstances, or law, in which case it shall be shown by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown." (§ 1008, subd. (b); see *Stephen v. Enterprise Rent–A–Car* (1991) 235 Cal.App.3d 806, 816 ["Subdivision (b) allows the party who originally applied for an order to apply for the same order, also based on an alleged different state of facts, provided the party shows by affidavit the history of the prior application and the alleged new

facts."][4] Further, subdivision (e) of section 1008 provides that "[t]his section specifies the court's jurisdiction with regard to applications for reconsideration of its orders and renewals of previous motions, and applies to all applications to reconsider any order of a judge or court, or for the renewal of a previous motion, whether the order deciding the previous matter or motion is interim or final. No application to reconsider any order or for the renewal of a previous motion may be considered by any judge or court unless made according to this section." (§ 1008, subd. (e).) Section 1008 provides the sole avenue for seeking reconsideration of an order or renewal of a previously denied motion, and thus "limit[s] the parties' ability to file repetitive motions." (*Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1104.)

Regardless of a motion's title, if it raises the same issues as an earlier motion by the same party that was previously denied, it is properly deemed a renewal of the earlier motion under section 1008, subdivision (b). (*Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1577 (*Powell*) ["The name of a motion is not controlling, and, regardless of the name, a motion asking the trial court to decide the same matter previously ruled on is a motion for reconsideration under Code of Civil Procedure section 1008"]; *Gilberd v. AC Transit* (1995) 32 Cal.App.4th 1494, 1502.) DeNoce's second anti-SLAPP motion was captioned a "Special Motion to Strike Petition for Civil Harassment." He had filed an identically-titled motion a year and a half earlier. DeNoce characterized the second motion as a "renewed" motion to strike based on new facts, and Neff

---

[4]     While section 1008, subdivision (b) permits a party to renew its own motion that previously was denied, section 1008, subdivision (a) permits any party affected by an order, regardless of whether it was denied or granted, to seek reconsideration of the order, subject to certain prerequisites. (§ 1008, subds. (a), (b); see *Kerns v. CSE Ins. Group* (2003) 106 Cal.App.4th 368, 381.)

8

objected on the ground that it was an improper motion for reconsideration that did not meet the requirements set forth in section 1008. As the trial court noted in its ruling, DeNoce's second anti-SLAPP motion was directed at the same petition alleging harassment, and made the same arguments as the first anti-SLAPP motion, the only difference being that it cited purported new evidence in support of the arguments. On appeal, DeNoce does not dispute that his second anti-SLAPP motion is governed by section 1008. Therefore, DeNoce's second anti-SLAPP motion constituted a renewal of its original anti-SLAPP motion governed by section 1008, subdivision (b). (See *Kunysz v. Sandler* (2007) 146 Cal.App.4th 1540 , 1543 ["a motion for reconsideration under section 1008, subdivision (b), is permitted in the context of anti-SLAPP motions"].)[5]

2. *Order Denying Renewed Anti-SLAPP Motion is Not Appealable*

Prior to 2012, there was a split in decisional authority over whether an order denying a motion for reconsideration under section 1008 was separately appealable. As the court noted in *Powell, supra,* 197 Cal.App.4th 1573, "[t]he majority of courts addressing the issue have concluded an order denying a motion for reconsideration is not appealable, even when based on new facts or law. (*Branner v. Regents of University of California* (2009) 175 Cal.App.4th 1043,

---

[5] Unlike a motion for reconsideration of an order brought pursuant to section 1008, subdivision (a), which must be brought within 10 days (§ 1008, subd. (a)), there is no specified period limiting when a renewal of a previous motion pursuant to section 1008, subdivision (b) may be filed. (*Stephen v. Enterprise Rent–A–Car, supra,* 235 Cal.App.3d at p. 816.) Generally, an anti-SLAPP suit must be brought within 60 days after service of the complaint, but the trial court has discretion to allow the filing of an anti-SLAPP motion "at any later time upon terms it deems proper." (§ 425.16, subd. (f); see *Lam v. Ngo* (2001) 91 Cal.App.4th 832, 840.) Thus, the trial court had discretion to treat DeNoce's second anti-SLAPP motion as timely.

1050; *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2008) 166 Cal.App.4th 1625, 1633; *Morton v. Wagner* (2007) 156 Cal.App.4th 963, 968; *Annette F. v. Sharon S.* (2005) 130 Cal.App.4th 1448, 1459; *Reese v. Wal–Mart Stores, Inc.* (1999) 73 Cal.App.4th 1225, 1242; *Crotty v. Trader* (1996) 50 Cal.App.4th 765, 769; *Rojes v. Riverside General Hospital* (1988) 203 Cal.App.3d 1151, 1160–1161 (*Rojes*), overruled on another ground in *Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1605. 'These courts have concluded that orders denying reconsideration are not appealable because "Section 904.1 of the Code of Civil Procedure does not authorize appeals from such orders, and to hold otherwise would permit, in effect, two appeals for every appealable decision and promote the manipulation of the time allowed for an appeal."' [Citation.]" (*Powell, supra,* 197 Cal.App.4th at pp. 1576-1577; see also *Annette F. v. Sharon S., supra*, 130 Cal.App.4th at pp. 1458-1459 ["'The same policy reasons for determining that denials of motions to vacate judgments and motions for new trial are not appealable are applicable to denials of motions for reconsideration: namely, to eliminate the possibilities that (1) a nonappealable order or judgment would be made appealable, (2) a party would have two appeals from the same decision, and (3) a party would obtain an unwarranted extension of time to appeal. [Citations.]' [Citation.]"].) The *Powell* court agreed with the majority line of cases and "conclude[d] an order denying a motion for reconsideration is not appealable, even when based on new facts or law." (*Powell, supra,* 197 Cal.App.4th at p. 1577; but see *Blue Mountain Development Co. v. Carville* (1982) 132 Cal.App.3d 1005, 1011 ["order denying reconsideration may be treated as an order made after judgment" and thus an appealable order, if the original ruling is an appealable order and if the motion for reconsideration is based on new and different facts], overruled by *Rojes, supra,* 203 Cal.App.3d at p. 1160 ["We have now determined

10

that the better ruling is that a denial of a motion for reconsideration is a nonappealable order."]; *Santee v. Santa Clara County Office of Education* (1990) 220 Cal.App.3d 702, 710 ["An order denying a motion for reconsideration thereof which raises new facts is . . . appealable."]).

An amendment to section 1008, subdivision (g), effective January 1, 2012, has since clarified that "[a]n order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable. However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order." (§ 1008, subd. (g); see Assem. Bill No. 1067 (Reg. Sess. 2011–2012) § 1.) This amendment thus resolved the split in favor of the majority of courts that had concluded that an order denying a motion for reconsideration is not appealable, even when based on new facts and law, unless the appeal from the motion for reconsideration is coupled with an appeal from the underlying judgment or order. (*Powell, supra,* 197 Cal.App.4th at p. 1576.)

DeNoce's second anti-SLAPP motion falls not under subdivision (a) of section 1008, but under subdivision (b), as a renewal of a previously-denied anti-SLAPP motion. Subdivision (g) does not address the appealability of orders denying renewed motions pursuant to section 1008, subdivision (b). In their briefing, the parties did not address the appealability of the order denying DeNoce's renewed anti-SLAPP motion, but we requested and received supplemental briefing from DeNoce on the issue.

In his letter brief, DeNoce makes no argument that an appeal from an order denying a renewed motion under section 1008, subdivision (b) should be appealable where an appeal from an order denying a motion for reconsideration under section 1008, subdivision (a), is not. Rather, he suggests that denials of both

11

motions should be treated the same with respect to their appealability. He suggests that under the recent amendment to section 1008, subdivision (g), a motion for reconsideration is appealable if the underlying order was appealable. His interpretation of section 1008, subdivision (g) is incorrect. That provision provides that an order denying a motion for reconsideration made pursuant to subdivision (a) is *not separately appealable*, and provides only that "if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable *as part of an appeal from that order*." (§ 1008, subd. (g), italics added.) Therefore, the provision prohibits a separate appeal from a motion for reconsideration under section 1008, subdivision (a), and does not assist DeNoce's argument that he properly may appeal from the denial of his renewed anti-SLAPP motion under section 1008, subdivision (b), merely because the order denying his first anti-SLAPP motion was appealable.

In determining whether the order denying DeNoce's renewed motion under section 1008, subdivision (b) is appealable, we find guidance in *Tate v. Wilburn* (2010) 184 Cal.App.4th 150 (*Tate*). In that decision, the Court of Appeal noted the "extensive body of case law concerning the appealability of an order denying a motion for reconsideration under section 1008, subdivision (a)." (*Tate, supra*, 184 Cal.App.4th at p. 159.) The court further reasoned as follows: "As indicated by the text of section 1008, motions for reconsideration under section 1008, subdivision (a), and renewed motions under section 1008, subdivision (b) are closely related. (See *Kerns v. CSE Ins. Group [supra]* 106 Cal.App.4th 368, 381 ['Although the two subdivisions differ in certain minor details, each sets out the same essential requirements.'].) A party filing either a motion under section 1008, subdivision (a) or (b) is seeking a new result in the trial court based upon 'new or different facts, circumstances, or law.' (§ 1008, subds. (a), (b).) [¶] Most

12

importantly for purposes of this case, the reasons that this court identified in *Annette F., supra*, 130 Cal.App.4th at pages 1458 through 1459, as supporting the conclusion that an order denying a motion for reconsideration under section 1008, subdivision (a) is not appealable—i.e., to eliminate the possibilities that (1) a nonappealable order or judgment would be made appealable, (2) a party would have two appeals from the same decision, and (3) a party would obtain an unwarranted extension of time to appeal—apply with equal force to an order denying a renewed motion pursuant to section 1008, subdivision (b). Indeed, the possibility that a party may obtain an unwarranted extension of time to appeal is actually more of a concern with respect to a renewed motion under section 1008, subdivision (b), in light of the fact that such a motion may be brought at any time, while a motion for reconsideration must be brought 'within 10 days after service upon the party of written notice of entry of the [underlying] order.' (§ 1008, subd. (a))." (*Tate, supra*, 184 Cal.App.4th at pp. 159-160.) The court thus held that an order denying a renewed motion pursuant to section 1008, subdivision (b) is not appealable. (*Id*. p. 160.)

We agree with the reasoning of *Tate* and likewise conclude that an order denying a renewed motion pursuant to section 1008, subdivision (b) is not appealable. Therefore, we lack jurisdiction to consider DeNoce's appeal.[6]

---

[6]     Although we have discretion to treat a purported appeal from a nonappealable order as a petition for writ of mandate (*H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366-1367), that discretion should be exercised only in extraordinary circumstances. (*Ibid.*; *In re Marriage of Lafkas* (2007) 153 Cal.App.4th 1429, 1434.) We find no such extraordinary circumstances here and thus decline to treat DeNoce's purported appeal as a petition for writ of mandate.

**DISPOSITION**

The appeal is dismissed.  Respondent to have his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


MANELLA, J.