Filed 12/7/20  Smith v. Select Portfolio Servicing CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| VINCENT SMITH,  Plaintiffs and Appellants,  v.  SELECT PORTFOLIO SERVICING, INC., et al.,  Defendants and Respondents. | E072852  (Super.Ct.Nos. CIVDS1807853 & UDFS1806685)  OPINION |

APPEAL from the Superior Court of San Bernardino County.  Brian S. McCarville, Judge.  Appeal dismissed.

J. Wright Law Group, Jamie E. Wright and Michael J. Yesk for Plaintiff and Appellant.

Kutak Rock and Steven M. Dailey for Defendants and Respondents.

Since at least 2014, plaintiff and appellant Vincent Smith has sought, in this case among others, to forestall foreclosure on his house and recover damages on a variety of theories.  Here, Smith appeals from the judgment entered after the trial court sustained without leave to amend the demurrer of defendants and respondents Select Portfolio

1

Servicing, Inc. (SPS) and Wells Fargo Bank, N.A., as Trustee for Aegis Asset Backed Securities Trust Mortgage Pass-Through Certificates, Series 2004-4 (Wells Fargo) to Smith's second amended complaint (complaint).

Smith's appeal is untimely and therefore must be dismissed.

## I. BACKGROUND

After a hearing on December 18, 2018, the trial court sustained respondents' demurrer to the complaint without leave to amend. The court entered judgment on January 2, 2019. Smith was served with notice of entry of judgment on January 17, 2019.

On March 18, 2019, Smith filed a "Notice of Motion and Motion to Set Aside Void Judgment (motion)., which identified Code of Civil Procedure, section 473, subdivision (d) as its basis. The motion asserted that Wells Fargo's discovery responses in a related action showed it had made "false" assertions in the present case, and that the court had incorrectly applied the law in certain respects. Smith argued on that basis that the judgment was "void."

On April 23, 2019, the trial court denied the motion. In so ruling, the court noted that in substance the motion "appear[ed] to be one seeking reconsideration on the Demurrer ruling under Code of Civ. Proc. Section 1008, subd. (b)." Notice of the ruling was served on Smith the same day.

On May 23, 2019, Smith filed his notice of appeal from the judgment of dismissal after the order sustaining the demurrer. The notice does not purport to appeal from the post judgment motion, only the judgment.

2

## II. DISCUSSION

The timely filing of a notice of appeal is jurisdictional, and a Court of Appeal has no power to entertain an appeal once the deadline has expired. (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56.)

Ordinarily, a notice of appeal must be filed no later than 60 days after the superior court clerk serves on the appealing party a notice of entry of judgment or a file-stamped copy of the judgment, 60 days after the appealing party serves or is served with a notice of entry of judgment, or 180 days after entry of judgment, whichever is earliest. (Cal. Rules of Court, rule 8.104(a).) Here, respondents served Smith a notice of entry on January 17, 2019, so Smith's time to file a notice of appeal expired 60 days later. Smith did not file a notice of appeal until May 23, 2019, 126 days later.

The Rules of Court provide several bases for extending the time to appeal. (Cal. Rules of Court, rule 8.108.) As relevant here, if a party serves and files a "valid notice of intention to move—or a valid motion—to vacate the judgment," the time to appeal is extended to the earliest of several alternative deadlines, one of which is 30 days after service of a notice of entry of the order denying the motion. (Cal. Rules of Court, rule 8.108(c)(1).) In contrast, a post judgment motion for reconsideration pursuant to Code of Civil Procedure section 1008 does not extend the time to appeal. (*Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1605.)

In this context, a "'valid'" motion to vacate the judgment is one "based on some *recognized grounds* for vacation; it cannot be stretched to include any motion, regardless of the basis for it." (*Lamb v. Holy Cross Hospital* (1978) 83 Cal.App.3d 1007, 1010, italics added.) Thus, the motion must have been a statutory motion under Code of Civil Procedure section 473 or section 663, or a nonstatutory motion based on extrinsic fraud or mistake. (*Lamb v. Holy Cross Hospital*, *supra*, at p. 1010.)

A statutory motion under Code of Civil Procedure section 663 "does *not* lie to vacate a judgment following an erroneous ruling on a demurrer." (*Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1574, disapproved on other grounds by *Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 134-135, fn. 3.) Smith's motion did not argue the Code of Civil Procedure section 473, subdivision (b), grounds of mistake, inadvertence, surprise, or excusable neglect, or the nonstatutory grounds of extrinsic fraud or mistake.[1] Our question, then, is whether in substance Smith's motion was a valid motion under Code of Civil Procedure section 473, subdivision (d), as its title announced.

---

[1] The term "extrinsic fraud" refers to "the circumstance in which 'the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent.'" (*Capron v. State* (1966) 247 Cal.App.2d 212, 223-224.) "The vital question is 'whether the successful party has by inequitable conduct, either direct or insidious in nature, lulled the other party into a state of false security, thus causing the latter to refrain from appearing in court or asserting legal rights.'" (*Aheroni v. Maxwell* (1988) 205 Cal.App.3d 284, 291.) Smith's motion does not raise any issues that fall within this definition. Evidence that a judgment "was premised upon false facts," including the misrepresentations of a party, is insufficient to support a finding of *extrinsic* fraud. (*City and County of San Francisco v. Cartagena* (1995) 35 Cal.App.4th 1061, 1068.) Moreover, since this case was resolved at the demurrer stage, and thus on the pleadings, *evidence* of any particular fact was not at issue.

4

It was not.  Under Code of Civil Procedure section 473, subdivision (d), the court may "set aside any void judgment or order."  "A judgment is void when there is a lack of jurisdiction over the subject matter or the person."  (*Ironridge Global IV, Ltd. v. ScripsAmerica, Inc.* (2015) 238 Cal.App.4th 259, 267; see also *In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56 [distinguishing between lack of "fundamental authority," making a ruling void, and acts "in excess of jurisdiction or defined power, rendering the judgment voidable"].)  A judgment may also be void, for example, because of failure to provide notice and opportunity to be heard in violation of a party's due process rights.  A judgment may also be void if the action was dismissed by counsel without the party's knowledge or consent.  (See *Romadka v. Hoge* (1991) 232 Cal.App.3d 1231, 1236.)

Smith's motion invoked none of the recognized grounds for vacating a judgment as void.  Rather, in substance, the motion was a request for the trial court to reconsider its ruling based on new or different facts, circumstances, or law; that is, a motion for reconsideration pursuant to Code of Civil Procedure section 1008, subdivision (a), as the trial court correctly observed.  Thus, regardless of its title, Smith's motion was not a *valid* motion pursuant to section 473, subdivision (d), as that term is used in Rules of Court, rule 8.108(c).  Its filing did not extend Smith's time to file a notice of appeal.

Because no extension of Smith's deadline for filing his notice of appeal applies, his appeal is untimely, and we lack jurisdiction to consider it.

5

## III. DISPOSITION

The appeal is dismissed.  Respondents are awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____

J.

We concur:

RAMIREZ _____

P. J.

MCKINSTER _____

J.