[Civ. No. 62418. Second Dist., Div. One. Nov. 4, 1981.]

LOUISE E. ANDERSON, Plaintiff and Respondent, v.
MAXINE DELORES SHERMAN et al., Defendants and Appellants.

## COUNSEL

Stockdale, Ritner, Peckham, Lockwood & Estes, Stockdale, Peckham & Estes and Paul F. Sowa for Defendants and Appellants.

Dannie R. Borowski for Plaintiff and Respondent.

## OPINION

JAKES, J.*—Defendants appeal from the judgment entered against them following their defaults and from denial of their postjudgment motion to set aside the defaults and the default judgment.

### FACTS

In October 1978 an automobile accident occurred as a result of which plaintiff suffered personal injuries. Defendant Maxine Sherman, a resident of Michigan, was driving the tractor-trailer rig owned by defendant Earl Henderson, a resident of Illinois, which struck the rear of plaintiff's vehicle.

On August 29, 1979, plaintiff filed a complaint for damages for personal injuries. On September 28, 1979, plaintiff's attorney served both defendants pursuant to the provisions of Code of Civil Procedure section 415.40[1] by mailing a copy of the summons and complaint by certified mail, restricted delivery, return receipt requested, to each of them at their respective out-of-state addresses. He also included in each

---

*Assigned by the Chairperson of the Judicial Council.

[1]Any statutory references hereafter are to the Code of Civil Procedure unless otherwise noted.

mailing a "Notice and Acknowledgment of Receipt" which is an integral part of service by mail under section 415.30 but not section 415.40. The summons thus mailed to each defendant featured the familiar urgent advice that the defendant must respond within 30 days after service.

Before filing the complaint, and after filing the complaint but before serving the defendants under section 415.40, and after thus serving the defendants, plaintiff's counsel made numerous written and telephone contacts with defendants' insurance carrier with regard first to a settlement and, after the filing of the complaint, with regard to defendants filing a timely response.[2]

On November 21, 1979, having received from defendants' insurance carrier no substantive response to his inquiries regarding their intention to answer nor any communication of any kind from defendants or counsel representing their interests,[3] plaintiff's counsel mailed to each defendant a "Notice of Request to Enter Default." On November 28, 1979, plaintiff's counsel mailed to each defendant a "Statement of Damages" and filed a "Request to Enter Default." Defaults were entered on November 28, 1979.

Proof of service of the summons and complaint on defendant Sherman, which was filed prior to the entry of default, included the declaration of plaintiff's attorney that he had mailed such process to her on September 28, 1979, in compliance with section 415.40; defendant Sherman's signed return receipt dated October 13, 1979; and her signed "Notice and Acknowledgment of Receipt" dated October 12,

---

[2]For example, on September 12, 1979, plaintiff's counsel wrote to defendants' insurer enclosing a copy of the summons and complaint and stating: "I expect that your attorneys shall be answering the complaint for Mr. Henderson within the statutory time of 30 days; if not, please inform me of such." On September 28, 1979, plaintiff's counsel telephoned defendants' insurer at both their Denver, Colorado and Atlanta, Georgia offices to inquire whether they needed an extension of time within which to answer or whether they would answer within the statutory time. He was told only, in effect, that the file was misplaced. Again in mid-October he phoned both offices and inquired regarding an answer and received only the same nonresponsive information.

[3]On November 5, 1979, plaintiff's counsel received a telephone message which had been left with his receptionist consisting of merely a name and a number with which he was not familiar, and a request for a call back. The name later turned out to be that of defendants' counsel with whom plaintiff's counsel eventually spoke on December 5, 1979, and who was the moving declarant on defendants' first motion to set aside the defaults. Plaintiff's counsel returned the call on November 5, and left his name, number and a request for a call back but received none.

1979.[4] Proof of service on defendant Henderson included the declaration of plaintiff's attorney regarding section 415.40 service by mail on September 28, and a return receipt signed in the space designated for "addressee or agent" by Glenn Henderson and dated October 1, 1979.

Plaintiff's counsel was finally contacted by defendants' counsel on December 5, 1979. Plaintiff's counsel declined to stipulate to set aside the defaults. On January 17, 1981, defendants moved the court to set aside the defaults on the ground of mistake and/or excusable neglect. The answer that defendants proposed to file should their motion be granted was attached to their motion. Also attached as an exhibit to the declaration of defendants' counsel among defendants' moving papers was a letter dated September 17 signed by defendant Henderson acknowledging receipt of process on September 15, 1979.[5] The court denied the motion. On February 7, 1980, defendants moved the court to set aside the defaults and quash service of summons on the ground the court lacked jurisdiction because defendants were improperly served. The court denied this motion as well.

On July 30, 1980, following proof of damages in court, default judgment against defendants was ordered. On August 4, 1980, the default judgment was entered. On September 23, 1980, defendants moved to set aside the defaults and the default judgment on all the grounds previously asserted. The court denied this motion as untimely and redundant.

## DISCUSSION

On appeal defendants argue that certain provisions of the Vehicle Code, sections 17450 through 17456 and 17462, are the exclusive

---

[4]The mystery created by defendant Sherman's signed return receipt (post office form) dated October 13, and her signed acknowledgment of receipt (court form) reading, "Date of Receipt: 9-25-79; Date this form is signed: 10-12-79", is dispelled by a letter from plaintiff's counsel dated September 12, 1979, which appears in the record below as an exhibit to plaintiff's opposition to defendants' first motion to set aside. The letter shows that plaintiff's counsel first mailed a copy of the summons and complaint with a "Notice and Acknowledgment" form to both defendants on September 12, apparently attempting service under Code of Civil Procedure section 415.30. But this is not the service on which plaintiff relies and thus has no legal significance; it merely has mystery-dispelling significance.

[5]The summons and complaint which defendant Henderson acknowledged receiving on September 15 are obviously those mailed by plaintiff's counsel on September 12, referred to in footnote 4 above, since they can hardly be those mailed by plaintiff's counsel on September 28.

means by which out-of-state residents may be served in an auto accident case; that because defendants were served under the general rules of service set forth in the Code of Civil Procedure, specifically section 415.40, they were not properly served.

We emphasize at the outset that defendants do not argue, nor could they, that they were not actually served. For over a hundred years it has been the law in California that jurisdiction depends on the fact of service, rather than the proof of it. (*Drake* v. *Duvenick* (1873) 45 Cal. 455, 463; *M. Lowenstein & Sons, Inc.* v. *Superior Court* (1978) 80 Cal.App.3d 762, 770 [145 Cal.Rptr. 814]; *Willen* v. *Boggs* (1971) 21 Cal.App.3d 520, 524 [97 Cal.Rptr. 917].) As we have indicated, the record below contains not only ample evidence of the *fact* of service, both defendants having received not one but two rounds of process; but such evidence also amounts to *proof* of service under the standards of section 417.20, subdivisions (a) and (d). Nevertheless, defendants insist, such service was legally inadequate because it was not accomplished pursuant to the specified Vehicle Code sections.

The practical significance to defendants of the Vehicle Code providing the exclusive method of service in this case is an extension of time to answer, from the 30 days granted by Code of Civil Procedure section 412.20, subdivision (a)(3), to 60-days under Vehicle Code section 17462. Defendants then further augment their time to answer by 10 days gleaned from Code of Civil Procedure section 1013, making their defaults entered on November 28, 1979, premature in violation of Code of Civil Procedure section 418.10, subdivision (d). Thus, according to defendants, the judgment after default must be vacated, the defaults set aside and the improper service of summons quashed.

Defendants argue further, if they are mistaken about this and the Vehicle Code and the Code of Civil Procedure provide alternative methods of service, then their mistake is an excusable mistake of law under Code of Civil Procedure section 473 which warrants the defaults being set aside.

■ Defendants made these arguments in reverse order in the court below. They first moved on January 17, 1980, to set aside the defaults under section 473 on the ground of mistake or excusable neglect, attaching their proposed answer. At that time they appeared generally and conferred jurisdiction on the court. (Code Civ. Proc., §§ 410.50, subd. (a), and 1014; *Pfeiffer* v. *Ash* (1949) 92 Cal.App.2d 102, 104-105

[206 P.2d 438].) Only later, on February 7, 1980, after losing this motion, did defendants bring their jurisdictional motion. While section 418.10 entitles a defendant to move to quash service of summons on the ground of lack of jurisdiction and to join a motion under section 473 with such a motion all in a special appearance, this is not what defendants did. Clearly defendants made two separate motions on distinct grounds, the first of which constituted a general appearance. By the time they reached the jurisdictional point, they had obviated it. Defendants' jurisdictional argument however will not cure their defaults no matter when they make it.

Defendants' jurisdictional argument turns on Vehicle Code sections 17454 and 17455 which provide that service of process on a nonresident in a case involving an auto accident in California be made by personally delivering or mailing process to the California Director of Motor Vehicles and thereafter mailing notice of having done so together with the summons and complaint to the defendant by registered mail. Under Vehicle Code sections 17451 and 17453 any nonresident who drives in California or owns a vehicle driven in California with his express or implied permission, consents to such service as if it were personal service in his own state. Nowhere do these Vehicle Code sections declare this procedure for service of summons to be the exclusive method of service in the cases to which it applies; nor have defendants cited any case construing it as such.

Defendants arrive at such a conclusion by an inference of legislative intent. They reason that the 1971 amendment of Vehicle Code section 17461, pertaining to service on an absent California resident, to allow such service either by the same Vehicle Code method provided for non-residents or pursuant to the 1969-enacted Code of Civil Procedure service sections, with no corresponding amendment of Vehicle Code sections 17454 and 17455 pertaining to service on nonresidents to allow alternative service under the Code of Civil Procedure, must signify that nonresidents can only be served under the Vehicle Code provisions. Further recapitulation of defendants' argument is not warranted. Similar reasoning, albeit on a different point, from express language used in the Vehicle Code sections dealing with residents to an unexpressed intention in the sections dealing with nonresidents was rejected in *Bigelow* v. *Smik* (1970) 6 Cal.App.3d 10, 14 [85 Cal.Rptr. 613]. We find defendants' argument more speculative than conclusive on the question of legislative intent and thus not persuasive on the issue of how nonresident defendants should be served.

These nonresident defendants, of course, were not served according to the Vehicle Code procedure. They were served under the general and comprehensive jurisdictional scheme set forth in title 5 of part 2 of the Code of Civil Procedure, section 410.10 through 418.10 entitled "Jurisdiction and Service of Process." Extensive comment by the Judicial Council accompanies each section explaining its underlying theory, its practical use, its intended effect and its relationship to other provisions, furnishing altogether a valuable guide to statutory interpretation. (*Ault v. Dinner for Two, Inc.* (1972) 27 Cal.App.3d 145, fn. 2 at p. 149 [103 Cal.Rptr. 572].) Under chapter 4 of said title 5, dealing with "Service of Summons," the comment to section 413.10[6] states: "Section 413.10 governs service of process within and outside this state, with one exception: special methods for effectuating service that are authorized by other statutes of this state *may* be used in appropriate instances." (Italics added.) Under article 3 of said chapter 4, dealing with "Manner of Service of Summons," the comment to section 415.10[7] states: "Methods that must be used in an attempt to deliver a copy of the summons and of the complaint to the person . . . to be served are specified in the various sections in this article. *In addition, service may be effected by any method authorized by another statute of this state* . . . ." (Italics added.)

Defendants herein were served pursuant to section 415.40 of said article 3 which provides: "A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by any form of airmail requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing." The comment of the Judicial Council following this section states: "Section 415.40 provides one of two methods authorized by this article for delivering process by mail to the person . . . to be served. The other method of mail service is specified in Section 415.30. *Still other methods of mail service are specified in other statutes of this state.*" (Italics added.)

---

[6]Section 413.10 provides in part: "Except as otherwise provided by statute, a summons shall be served on a person:

"(a) Within this state, as provided in this chapter.

"(b) Outside this state but within the United States, as provided in this chapter or as prescribed by the law of the place where the person is served."

[7]Section 415.10 provides: "A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery."

It is apparent from a reading of the two statutory schemes of service—in the Vehicle Code and in the Code of Civil Procedure—that they are compatible alternatives between which a California automobile accident plaintiff may choose. The comments by the Judicial Council to the Code of Civil Procedure sections underscore the plain meaning of the statutory language, namely, that the service provisions have universal application. Thus, the Vehicle Code method óf service, whose exclusivity defendants argue, is merely another method authorized by another statute which may be used. (See, e.g., *Hall* v. *University of Nevada* (1972) 8 Cal.3d 522, 523 [105 Cal.Rptr. 355, 503 P.2d 1363]: "Service on the university and the state was made pursuant to section 17450 et seq. of the Vehicle Code which provide *a* method of service on nonresidents . . . ." [Italics added.])

Defendants invoke the rule of statutory construction that special statutes prevail over general statutes covering the same subject matter. But the application of the rule is appropriate only where there is "an inherent antagonism" or "a necessary repugnancy between the acts." (*Cohn* v. *Isensee* (1920) 45 Cal.App. 531, 536-537 [188 P. 279].) Here there is no such conflict that we can discern.

As defendants were properly served under section 415.40, the court had jurisdiction to enter their defaults on November 28, 1979, and correctly denied their February 7, 1980, motion to set aside the defaults.

■ The court below also correctly denied defendants' previous motion of January 17, 1980, to set aside the defaults on the section 473 ground of mistake or excusable neglect. The standard by which an appellate court reviews a trial court ruling on a section 473 motion to set aside a default is well established as abuse of discretion. The fate of such a motion "'rests almost entirely in the discretion of the court below, and appellate tribunals will rarely interfere, and never unless it clearly appears that there has been a plain abuse of discretion.'" (*City of Ontario* v. *Superior Court* (1970) 2 Cal.3d 335, 347 [85 Cal.Rptr. 149, 466 P.2d 693]; *In re Marriage of Connolly* (1979) 23 Cal.3d 590, 597 [153 Cal.Rptr. 423, 591 P.2d 911]; *Martin* v. *Johnson* (1979) 88 Cal.App.3d 595, 604 [151 Cal.Rptr. 816].) Reasonableness in view of all the circumstances is equally well established as the test of whether discretion has been abused. (*In re Marriage of Connolly, supra*, at p. 598; *A & S Air Conditioning* v. *John J. Moore Co.* (1960) 184 Cal. App.2d 617, 619 [7 Cal.Rptr. 592].)

Defendants claim on appeal that their notion that the Vehicle Code sections discussed above were the proper and exclusive method of service in this case is the mistake—a mistake of law—which deserves section 473 relief from default. ■ Analyzing the claim of mistake of law the court below, and this court reviewing its ruling, must be guided by settled rules: "[A] mistake as to law does not require relief from default as a matter of law. [Citation.] The issue of which mistakes of law constitute excusable neglect presents a fact question; the determining factors are the reasonableness of the misconception and the justifiability of lack of determination of the correct law. [Citation.] Although an honest mistake of law is a valid ground for relief where a problem is complex and debatable, ignorance of the law coupled with negligence in ascertaining it will certainly sustain a finding denying relief. [Citations.]" (*A & S Air Conditioning* v. *John J. Moore Co., supra,* 184 Cal.App.2d, 617, 620; *City of Ontario* v. *Superior Court, supra,* 2 Cal.3d 335, 346.)

■ The court below resolved the "fact question" against defendants. We are mindful, of course, that the law favors trials on the merits and are reluctant to penalize litigants for the omission of counsel. (*Martin* v. *Cook* (1977) 68 Cal.App.3d 799, 809 [137 Cal.Rptr. 434].) Nevertheless, considering the simple and obvious point of law about which defendants claim to have been mistaken and the elementary legal research which would have cleared it up, we can hardly say the court below exceeded the bounds of reason and thus abused its discretion when it refused to set aside the defaults.

Having litigated the validity of the defaults in two motions prior to the entry of default judgment, defendants moved again following judgment to set aside the defaults and the judgment, repeating and elaborating their previous arguments. The trial court denied this motion on various grounds: one, "not timely;" and another, "redundant," indicating in its minute order that the issues had been previously decided. Defendants correctly ask us to review the propriety of the defaults on their appeal from the default judgment. But their attempt to appeal from the denial of their motion to vacate the judgment as well as from the judgment itself is a futile maneuver. ■ Notwithstanding the provision of section 904.1, subdivision (b), which authorizes an appeal from an order made after an appealable judgment, appeal does not lie from an order denying a motion to vacate a judgment where the motion merely calls upon the court to repeat or overrule a former ruling on the same facts. (*Spellens* v. *Spellens* (1957) 49 Cal.2d 210, 228 [317 P.2d

613]; *Martin* v. *Johnson, supra*, 88 Cal.App.3d 595, 603.) The appeal from the judgment itself entails consideration of the identical facts and law. Defendants are not entitled to two appeals from the same ruling.

Defendants' appeal from the order denying the postjudgment motion to set aside the defaults and vacate the default judgment is dismissed.

The default judgment is affirmed.

Spencer, P. J., and Dalsimer, J., concurred.

A petition for a rehearing was denied December 4, 1981, and appellants' petition for a hearing by the Supreme Court was denied January 20, 1982.