Filed 6/17/16  Taati v. Ebrahimi CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| POOPAK TAATI,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>PANIZ EBRAHIMI et al.,<br><br>    Defendants and Respondents. | G050658<br>(Consol. with G050669)<br><br>(Super. Ct. Nos. 30-2014-00717208<br>  & 30-2014-00717685)<br><br>O P I N I O N |

Appeal from an order and judgment of the Superior Court of Orange County, David R. Chaffee and Ronald L. Bauer, Judges.  Affirmed.

Hollins Law, Kathleen Mary Kushi Carter, Tamara M. Heathcote and Danielle K. Little, for Plaintiff and Appellant.

Mazarei Law Group, Tannaz Tawny Mazarei and Lynn P. Whitlock for Defendants and Respondents.

**INTRODUCTION**

Poopak Taati (appellant) appeals from an order and a judgment of dismissal rendered in two lawsuits, now consolidated on appeal. The order from one lawsuit denied her request, pursuant to Code of Civil Procedure section 473, to set aside a dismissal with prejudice.[1] The second was a dismissal entered after the court sustained a demurrer without leave to amend and granted a motion to dismiss on res judicata grounds.

The judgment of dismissal entered after the demurrer was sustained and the motion to dismiss was granted is affirmed. A dismissal with prejudice is res judicata; a lawsuit identical to one dismissed with prejudice is subject to dismissal on that basis.

We also affirm the denial of appellant's motion to set aside the dismissal. Counsel did not present evidence that would have qualified him for the mandatory relief available under section 473, subdivision (b), the only relief sought in the trial court. In particular, his failure to forthrightly accept responsibility for his actions and his efforts to mislead the judges overseeing each case after the consequences of his actions were brought home to him support the court's determination that he was not entitled to rescue.

**FACTS**

This is a tale of three complaints. Appellant filed her first complaint against respondents Aram Ebrahimi and Paniz Jafarkhani on February 13, 2014, seeking $44,000 in damages (Orange County Superior Court (OCSC) case No. 30-2014-00704159, hereafter "case 159").[2] Case 159 was assigned to Judge Linda Marks. On the same date, appellant filed an application to waive court fees. The application was denied on February 18; appellant was informed that she could resubmit it in 10 days. She did not do so; a notice of voided filing was issued on March 11 and mailed to appellant's

---

[1] All further statutory references are to the Code of Civil Procedure.

[2] Ebrahimi is also known as Aram Taati, and Jafarkhani is also known as Paniz Ebrahimi. We use the first names for each respondent to try to avoid confusion caused by identical surnames.

2

counsel. Appellant tried to resubmit the fee waiver request, but it was too late. The complaint had already been voided. Appellant apparently tried again later, with the same result.

On April 16, 2014, appellant filed the second complaint, essentially the same case (OCSC case No. 30-2014-00717208, hereafter "case 208"), without complying with The Superior Court of Orange County, Local Rules, rule 309, which requires the plaintiff to acknowledge a prior filing on the first page of the pleading.[3] This time the case was assigned to Judge David Chaffee. On May 15, 2014, appellant filed a request for dismissal of case 208 *with prejudice*. The dismissal was granted on the same day.

On April 21, 2014, appellant filed the third complaint, again essentially the same case (OCSC case No. 30-2014-00717685, hereafter "case 685"). Again she failed to indicate the complaint had ever been filed before. Case 685 was assigned to Judge Ronald L. Bauer.

Jafarkhani filed a demurrer and a motion to dismiss case 685 on May 29, 2014, and Ebrahimi filed a demurrer in the same case on June 10. All motions were based at least in part on the dismissal with prejudice of case 208.

On July 7, 2014, Judge Bauer heard oral argument on Jafarkhani's demurrer and motion to dismiss and Ebrahimi's demurrer. Judge Bauer sustained the Ebrahimi demurrer without leave to amend and granted the Jafarkhani motion to dismiss on res judicata grounds, because of the dismissal with prejudice of case 208. A judgment of dismissal was entered on October 16, 2014.

On June 12, 2014, after the demurrers and motion in case 685 had been filed but before the hearing, appellant had moved to set aside the dismissal with prejudice

---

[3] The Superior Court of Orange County, Local Rules, rule 309 provides, "A party may not dismiss and thereafter re-file a case for the purpose of having such case assigned to a different judicial officer. [¶] Whenever a case is dismissed and thereafter another case is filed involving the same, or essentially the same, parties, facts, or causes of action as the prior case, the plaintiff in any such subsequently filed case must disclose such facts on the face page of the new complaint."

in case 208; Judge Chaffee heard the motion on July 11, after Judge Bauer had already ordered case 685 dismissed.

At the hearing before Judge Chaffee, appellant's counsel produced an elaborate explanation for the three lawsuits. Case 159 was voided because appellant did not pay her filing fees and the fee waiver request had been botched. Counsel said the next attempt, case 208, had been rejected for filing in its entirety; as it turned out, only the summons had been rejected. The complaint itself had been filed. Case 685, the third case, was filed and served in a hurry, because a limitations period was expiring. When counsel discovered that case 208 was still alive, although unserved, he filed a request to dismiss that case. He checked the box "with prejudice" by mistake; he meant "without prejudice."

Judge Chaffee did not buy this explanation. He believed that the request for dismissal had been filed "with prejudice" out of ignorance of the consequences of such a dismissal.

There were also discrepancies between the explanations given in counsel's declaration of fault and his statements at the hearing, as well as significant omissions. Judge Chaffee felt counsel's declaration was not credible and it did not establish that he had made the kind of mistake of law eligible for *mandatory* relief under section 473, subdivision (b). Counsel's declaration of fault skated around who was responsible for filing a request for dismissal with prejudice. It stated that "[f]iling a Request for Dismissal with prejudice in this action [case 208] was the result of surprise, mistake and/or inadvertence due to clerical error," without specifying who made the clerical error. Counsel then stated, "After receiving the conformed copy of the filed Request for Dismissal with prejudice, I only then discovered that the Request for Dismissal was sent to Court for this file. To that end, unfortunately my [*sic*: "by"?] mistake, surprise, and/or inadvertence, a Request for Dismissal with prejudice was mistakenly and inadvertently sent to Court for filing." This indicates that counsel did *not* file the request for dismissal

4

himself or cause it to be filed; he learned of it only when the conformed copy came back from the court. Counsel also failed to identify "neglect" as a cause of filing the request for dismissal with prejudice.

Judge Chaffee denied the motion to set aside the dismissal. He concluded that counsel failed "to comprehend the legal ramifications of his dismissal with prejudice" and had tried to mislead the court regarding the history of the three lawsuits. Judge Chaffee characterized counsel's actions as "at best, inartful, and at worse deceitful."

## DISCUSSION

**I.        Judgment Following Demurrer and Motion to Dismiss (Case 685)**

We review the refusal of the trial court to permit amendment after the sustaining of a demurrer for abuse of discretion. (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 110.) The appellant must explain what the proposed amendments are and how they would cure the initial pleading deficiencies. (*Ibid.*)

Without question the complaint in case 685 is identical in every respect to the previously filed complaint in case 208, which appellant dismissed with prejudice. "[F]or purposes of applying the doctrine of res judicata, . . . a dismissal with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of action. [Citations.] As the court explained in *Roybal* [*v. University Ford* (1989) 207 Cal.App.3d 1080,] 1086–1087: 'The statutory term "with prejudice" clearly means the plaintiff's right of action is terminated and may not be revived. . . . [A] dismissal with prejudice . . . bars any future action on the same subject matter.'" (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 793; see *Estate of Redfield* (2011)193 Cal.App.4th 1526, 1533.)

Ebrahimi and Jafarkhani demurred separately to appellant's complaint in case 685. Jafarkhani also filed a motion to dismiss. Judge Bauer overruled Jafarkhani's demurrer, but granted the motion to dismiss, which was based in part on the preclusive

5

effect of the dismissal with prejudice of case 208. He sustained Ebrahimi's demurrer without leave to amend on the same ground.

### A. Jafarkhani's Motion to Dismiss

Appellant's sole argument on appeal with respect to Jafarkhani's motion to dismiss is that it was really a summary judgment motion that failed to comply with summary judgment procedure, such as an extended notice period and a separate statement. Appellant did not raise this procedural objection in the trial court; instead she appeared at the hearing through counsel and argued the merits. (See *Ellerbroek v. Saddleback Valley Unified School Dist.* (1981) 125 Cal.App.3d 348, 363 [appellant cannot object to trial court procedure for first time on appeal]; *Jackson v. Barnett* (1958) 160 Cal.App.2d 167, 172 [same].) Her oral argument at the hearing did not mention any procedural infirmities. Instead, it focused on an entirely fictitious recounting of prior events. Appellant's counsel argued that the request for dismissal with prejudice was filed in *case 159*, the original case that was voided for nonpayment of filing fees. "It really has no preclusive effect whatsoever. You can't dismiss a filing that was voided." The trial court did not forget that.

In fact, Jafarkhani's "motion to dismiss" was a demurrer in all but name. It relied solely on the face of the complaint in case 685 and documents of which the court could take judicial notice. (See *Groves v. Peterson* (2002) 100 Cal.App.4th 659, 667; § 430.30, subd. (a).) It did not require the court to examine declarations or discovery responses to ascertain whether there were any triable issues of material fact. (See § 437c, subds. (b)(1), (c).) As a matter of law, appellant could not relitigate a matter that had been previously dismissed with prejudice. Judge Bauer correctly granted Jafarkhani's motion to dismiss.

### B. Ebrahimi's Demurrer

Judge Bauer granted Ebrahimi's demurrer without leave to amend based on res judicata. Appellant concedes that if res judicata applies, the demurrer was properly

6

sustained.  Although she asserts that she should have been given leave to amend, she does not explain how she could have amended the complaint to state a cause of action that was not barred.

Instead, appellant makes three arguments for reversing the judgment in Ebrahimi's favor based on her demurrer.  The first indicates her desperation:  the ruling must be reversed because Ebrahimi's request for judicial notice of the complaint in case 208 and its dismissal with prejudice was not separately filed, but was attached to the end of the demurrer memorandum of points and authorities.[4]  Taking judicial notice of these documents was "[j]udical misconduct" and caused a "miscarriage of justice, or intentional and sufficiently heinous [*sic*] to warrant reversal as a punishment or because it reveals bias on the part of the court."  Appellant offers no authority to support this extreme example of form over substance, and she offers no evidentiary support for an accusation of judicial bias, an accusation that constitutes contempt of court if unsupported.  (See *In re S.C.* (2006) 138 Cal.App.4th 396, 422.)  Nor did she mention this judicial misconduct and miscarriage of justice in the trial court.

The second argument is that Judge Bauer should have waited to rule on the demurrers and the motion to dismiss in case 685 until Judge Chaffee set aside the dismissal with prejudice in case 208 – an outcome, according to appellant, to which she was entitled as a matter of law – and Judge Bauer should have assumed Judge Chaffee would do the right thing and grant the motion.  Again, appellant cites no authority for the proposition that one judge must await the outcome of a ruling by another judge in the same court – other than vague and general allusions to "substantial justice."  Courts have the inherent power to control their own calendars (*Walker v. Superior Court* (1991) 53

---

[4]  Appellant's argument that Judge Bauer could not consult documents extraneous to the demurrer itself at all is simply wrong.  In ruling on a demurrer, the trial court may rely on documents of which it can take judicial notice.  (*Groves v. Peterson, supra,* 100 Cal.App.4th at p. 667.)

Counsel could profitably inspect California Rules of Court, rules 3.1113(l) and 3.1306(c), which set forth the correct method of asking a court to take judicial notice in motions.

Cal.3d 257, 267), and the record contains no request to Judge Bauer to continue the hearing on the demurrers until Judge Chaffee ruled on the set-aside motion.

Finally, appellant begs the question, asserting we must reverse the judgment granted after Ebrahimi's demurrer was sustained without leave to amend in case 685 because we are going to reverse the order denying the set-aside motion in case 208. That, it is argued, will nullify the res judicata effect of the dismissal in case 208 and the basis for sustaining the demurrer in case 685 will disappear, requiring us to reverse the judgment in Ebrahimi's favor in case 685. But appellant's reliance on reversal of the case 208 ruling turns out to be problematic for her. It fails – as does the argument based on it.

**II.         Denial of Motion to Set Aside Dismissal (Case 208)**

Although appellant's original motion in the trial court was vague about which part of section 473, subdivision (b), she was invoking – the discretionary portion or the mandatory portion – the reply brief and oral argument dispelled any vagueness. Appellant sought mandatory relief, based on an attorney declaration of fault. Appellant continues to assert her right to mandatory relief on appeal.

Section 473, subdivision (b), states in pertinent part , "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to *his or her* mistake, inadvertence, surprise, or neglect, vacate any . . . dismissal entered against his or her client, unless the court finds that the . . . dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (Italics added.) Providing mandatory relief fulfills the statutory purpose of forestalling at least some malpractice litigation. (*Matera v. McLeod* (2006) 145 Cal.App.4th 44, 67.) To that end, a declaration of fault need not show that the attorney's mistake, inadvertence, surprise, or neglect was excusable. (*Cisneros v. Vueve* (1995) 37 Cal.App.4th 906, 909.)

8

"The statute clearly involves an assessment of credibility by the trial court."
(*Johnson v. Pratt & Whitney Canada, Inc.* (1994) 28 Cal.App.4th 613, 622.) We defer to
the trial court's determination of credibility and do not reweigh evidence or reassess the
credibility of witnesses. (*Ibid.*) If the evidence gives rise to reasonable conflicting
inferences, one of which supports the trial court's determination, we will affirm the
court's finding. (*Id*. at p. 623.) We presume the trial court's order denying relief under
section 473, subdivision (b), is correct until the appellant demonstrates otherwise.
(*Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384,
1398.) "The court's '"discretion is only abused where there is a clear showing [it]
exceeded the bounds of reason, all of the circumstances being considered."' [Citation.]"
(*Saxena v. Goffney* (2008) 159 Cal.App.4th 316, 332.)

In this case, we must look at appellant's counsel's conduct in two parts.
First, was filing a request to dismiss case 208 attributable to mistake, surprise, or
inadvertence?[5] Judge Chaffee did not think so, and substantial evidence supports his
conclusion. Counsel had a very good reason for dismissing case 208. According to his
argument at the hearing, he had been unaware of its existence; he thought the entire case,
not just the summons, had been rejected.[6] On discovering the error, he had a choice. He
could dismiss either case 208 or case 685. The defendants in case 208 remained
unserved, while the defendants in case 685 (the same people) had been served and proofs
of service filed. Case 685 was further along than case 208, so case 208 was the obvious
candidate for dismissal. No mistake or inadvertence there.

The next question is whether requesting dismissal *with prejudice* was
attributable to mistake, surprise, or inadvertence. Judge Chaffee concluded it was not;
checking the "with prejudice" box was the result of counsel's "failure to comprehend the
legal ramifications" of dismissing an action with prejudice as opposed to without

---

[5] Counsel did not specify "neglect" as a ground for relief.

[6] The declaration of fault, however, stated that the *complaint* in case 208 was rejected.

9

prejudice. "Moreover, there was nothing complex or complicated in these issues that might require some further inquiry."

Relief may be granted under section 473, subdivision (b), for mistake of law by an attorney. (See 8 Witkin, Cal. Procedure (5th ed. 2008) Attack on Judgment in Trial Court, § 153, p. 747.) Whether a mistake of law qualifies for relief under section 473 is a question of fact. The determining factors are the reasonableness of the misconception and whether the failure to determine the correct law is justifiable. (*Toho-Towa Co., Ltd. v.Morgan Creek Productions, Inc.* (2013) 217 Cal.App.4th 1096, 1111.)

An honest mistake of law is a valid ground for relief where a problem is complex and debatable. (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 611-612 (*Pietak*) [ambiguity in interpleader statute]; *McCormick v. Board of Supervisors* (1988) 198 Cal.App.3d 352, 359-360, superseded by statute on other grounds) [defining opinion not yet filed; no legal authority on issue].)

Ignorance of the law, on the other hand, is not a ground for relief. (*A & S Air Conditioning v. John J. Moore Co*. (1960) 184 Cal.App.2d 617, 620.) Relief will not be granted in cases involving a "simple and obvious point of law" that could have been ascertained by "elementary legal research." (*Anderson v. Sherman* (1981) 125 Cal.App.3d 228, 238 (*Anderson*).) In *Anderson*, for example, defaults were entered against the defendants who later claimed they had been improperly served with process.[7] (*Id.* at p. 233.) The reviewing court not only disagreed with them about the applicable law, it also held that this mistake did not entitle them to relief from default, "considering the simple and obvious point of law about which defendants claim to have been mistaken and the elementary legal research which would have cleared it up[.]" (*Id.* at p. 238; see *Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1413 [insufficient showing of

---

[7] As out-of-state defendants in a case involving a car accident, they insisted the service provisions of the Vehicle Code, rather than of the Code of Civil Procedure, constituted the sole means by which they could be effectively served. (*Anderson, supra*, 125 Cal.App.3d at pp. 233-234.)

10

reason for failure to determine correct law; relief denied]; *Hanooka v. Pivko* (1994) 22 Cal.App.4th 1553, 1563-1564 [mistake of law not reasonable].)

The error involved in the present case is far more "simple and obvious" than the one committed in *Anderson*. Counsel argued vigorously at the hearing that he knew the difference between a dismissal with prejudice and one without prejudice. But the question is not whether counsel knew in a general way the distinction between dismissals with and without prejudice, but rather whether he knew the effect a dismissal of case 208 with prejudice would have on case 685.

Judge Chaffee concluded that counsel was not aware of this effect, and notwithstanding counsel's characterization, the error was not "clerical" – whatever that term may mean in this context. It arose from ignorance. An inspection of the record before us does nothing to dispel this conclusion, and it is one the trial court is empowered to draw.

Most damaging to counsel's credibility was his inability to stick to one story about the history of the three complaints. Counsel first tried to convince Judge Bauer at the hearing on the demurrers (case 685) that case 159 was the one dismissed with prejudice; in fact, case 159 was voided for nonpayment of filing fees. He then told Judge Chaffee that the complaint in case 208 was rejected for nonpayment of filing fees. The complaint in case 208 was not rejected at all; only the summons was rejected. Case 159 was the one voided for nonpayment of fees, but counsel did not mention Case 159 at all. This has all the characteristics of a pea hidden under one of three shells. "Designing conduct is not mistake, inadvertence, surprise, or neglect." (*Pagarigan v. Aetna U.S. Healthcare of California, Inc.* (2007) 158 Cal.App.4th 38, 45.)

The court was entitled to consider counsel's lack of legal acumen. He either deliberately ignored or was ignorant of the local court rule requiring him to reveal on the face of each subsequent complaint the fact that it had been filed before. The declaration of fault counsel filed to support the set-aside motion in case 208 was deficient

11

and ineffectual. The most obvious problem with the declaration of fault is that counsel did not own up to any fault. As one court has observed, "[Section 473] . . . sets up one of the great zen paradoxes of the law – to be relieved of one's own malpractice, one must first confess it." (*In re Marriage of Heggie* (2002) 99 Cal App.4th 28, 32, fn. 4.) The declaration of fault in this case did not concede that counsel was the person who filed the request for dismissal at all; he saw it only when it came back conformed from the court. He did not admit he was responsible for checking the wrong box. He was "surprised to learn that [case 208] had been dismissed with prejudice as a result of mistake and/or inadvertence as a result of clerical error"; whose clerical error was unspecified.[8] Under certain circumstances, section 473 provides relief to an attorney willing to fall on his sword, but the attorney must actually fall on the sword – not somewhere in its vicinity. (See *Pietak, supra,* 90 Cal.App.4th at p. 610 [no relief without "straightforward admission of fault" by attorney].)

Appellant relies on *Romadka v. Hoge* (1991) 232 Cal.App.3d 1231 (*Romadka*), a case with some factual similarities to this one. The counsel in *Romadka* filed a lawsuit in Santa Clara County then filed another, presumably similar, lawsuit in Santa Cruz County. Counsel proceeded to file a request to dismiss the Santa Clara County action with prejudice. The Santa Cruz County defendants then successfully moved to dismiss their action. (*Id.* at p. 1234.)

The clients in *Romadka* moved for relief from the dismissal under section 473, subdivision (d), which provides, "The court may . . . on motion of either party after notice to the other party, set aside any void judgment or order." They argued that their attorney was not authorized to dismiss their action, and the judgment of dismissal was

---

[8] On appeal, appellant goes a step further and blames all her difficulties on the court clerk who rejected her fee waiver application for case 159. According to this theory, none of this would have happened if the clerk had not erroneously rejected the application. Appellant neglects to mention that she had only to fill the application form out correctly and refile it within 10 days – as explained to her on the rejection notice – to avoid the ultimate cancellation of the complaint in case 159. How the clerk was responsible for checking the "with prejudice" box on the request for dismissal is unexplained.

12

therefore void. (*Romadka, supra,* 232 Cal.App.3d at p. 1235.) The reviewing court agreed, citing a line of cases in which clients established that their former attorneys had settled or compromised their lawsuits without authorization. (*Id.* at pp. 1235-1236.)

But here, appellant did not move for relief under section 473, subdivision (d), but rather sought mandatory relief under subdivision (b).[9] There was no declaration from the client stating that her attorney's action was unauthorized. The burden of proof is on the party moving for relief, (*Hopkins & Carley v. Gens, supra,* 200 Cal.App.4th at p. 1410), and appellant made no showing at all for relief under section 473, subdivision (d). There was, therefore, no evidence of a void order or judgment, and *Romadka* does not assist appellant.

The mandatory portion of section 473, subdivision (b), was not "intended to be a catch-all remedy for every case of poor judgment on the part of counsel which results in dismissal." (*Huens v. Tatum* (1997) 52 Cal.App.4th 259, 264.) The record strongly supports Judge Chaffee's conclusion that the dismissal was "not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b).) Instead, it was caused by counsel's ignorance of the legal effect of checking the "with prejudice" box – if, in fact, he was the one who checked it – as evidenced by his efforts to blow smoke in the direction of the judicial officers involved to obscure the facts and extricate himself from the consequences. The res judicata effect of a dismissal with prejudice is neither complicated nor controversial. Judge Chaffee did not believe counsel's

---

[9] Appellant nevertheless argues on appeal that she was entitled to relief under section 473, subdivision (d). This subdivision requires an evidentiary showing – void judgment or order – different from the showing required by section 473, subdivision (b). Appellant did not ask the trial court to consider granting relief under subdivision (d), and she cannot make this argument for the first time on appeal. (See *Bogacki v. Board of Supervisors* (1971) 5 Cal.3d 771, 780 [legal theory involving controverted facts cannot be raised for first time on appeal].

Likewise, appellant now argues she was entitled to relief under the discretionary portion of section 473, subdivision (b), which provides relief for mistake, inadvertence, surprise or *excusable* neglect. Appellant did not ask for discretionary relief; she demanded mandatory relief based on counsel's declaration of fault.

13

explanations, and Judge Chaffee is the arbiter of credibility in these matters. We cannot find that he abused his discretion in denying the set-aside motion.

**III.**      **Request for Judicial Notice**

Appellant has asked us to take judicial notice of 16 documents. We grant the request as to document E (request to waive court fees in case 159), document F (complaint in case 159), document H (order on fee waiver for case 159), document I (notice of voided filing for case 159), document J (resubmitted fee waiver request, case 159), and document K (second resubmitted fee waiver request, case 159). The request is denied as to documents A through D, document G, and documents L through O, as these documents are unnecessary to the determination of this appeal. The request is denied as to document P, as this document duplicates a document already in the record pursuant to appellant's request to augment the record, granted on May 12, 2015.

## DISPOSITION

The judgment of dismissal in case 685 is affirmed. The order denying the set-aside motion in case 208 is affirmed. Appellant's request for judicial notice is partially granted and partially denied, as set forth above. Respondents are to recover their costs on appeal.


                                        BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


IKOLA, J.

14