Filed 5/11/26  West v. Keshishyan CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| RACHEL S. WEST, | B334984 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 21STCV27365) |
| v. | |
| HAKOP KESHISHYAN et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Theresa M. Traber, Judge.  Affirmed.

Keosian Law, Harout Greg Keosian and Benjamin Aydindzhyan for Defendants and Appellants.

Law Offices of Timothy D. Otte and Timothy D. Otte for Plaintiff and Respondent.

—————————————

Defendants and appellants Platinum Motorsports, Inc., Hakop Keshishyan, Top Speed, Inc., and Gevork Keshishyan

appeal the court's order denying their motion to set aside the default and default judgment secured by plaintiff Rachel West.[1] Defendants maintain the court erred because (1) they presented substantial evidence of excusable neglect, (2) equitable principles demanded the default be set aside, and (3) the punitive damages award was unconstitutionally excessive. We agree with plaintiff's argument that procedural irregularities, including the absence of an adequate record to rebut the presumption that the judgment was properly entered as well as the absence of citations to the record in support of defendants' arguments, require affirmance of the judgment.

## PROCEDURAL HISTORY

In a first amended complaint, plaintiff alleged causes of action for forgery, conversion and theft, unfair business practices, and violations of the Automotive Repair Act. The complaint centered on the allegation that plaintiff delivered her damaged vehicle to defendants for repair, plaintiff's insurance company issued a check made out to plaintiff and Platinum Motorsports, Inc. to cover the repairs, and defendants forged plaintiff's

---

[1] Appellants maintain the order is appealable as an order after judgment affecting their substantial rights. (Code Civ. Proc., § 904.1, subd. (a)(1).) But the notice of appeal reflects the appeal is from the default judgment; the box corresponding to an appealable order after judgment is not checked. In general, the trial court's denial of a motion to set aside a judgment may be reviewed on appeal from the judgment. (*Kester Motors, Inc. v. Haddad* (1952) 109 Cal.App.2d 369, 373.) In any event, because it is reasonably clear that the scope of the appeal included a review of the court's order and plaintiff does not demonstrate any prejudice from the incomplete notice of appeal, we are required to liberally construe the notice of appeal to protect the right of appeal. (*In re J.F.* (2019) 39 Cal.App.5th 70, 75.)

2

signature on the check before depositing it into their bank account. The complaint alleged, "[d]efendants were informed that they were not to perform the estimated work on [p]laintiff's vehicle, and therefore knew the money was not theirs to take and knew that they did not have [p]laintiff's authorization to negotiate the check." Plaintiff claimed she demanded the money be returned to her, but defendants refused to do so. Ultimately, defendants performed work on the vehicle which, unbeknownst to plaintiff, was invoiced at a price roughly $19,000 lower than the amount of the check; defendants retained the windfall.

Default of Platinum Motorsports, Inc. and Top Speed, Inc was entered in March 2022. In April 2022, default of the remaining defendants was entered. Judgment was entered on March 30, 2023.

A hearing on defendants' motion to set aside the default and default judgment occurred on September 8, 2023. The trial court noted defendants incorrectly based the motion on mistake, surprise or excusable neglect under Code of Civil Procedure[2] section 473, subdivision (b) rather than moving to correct mistakes in the judgment to conform to the court's intentions under section 473, subdivision (d). It determined the motion was not a timely challenge to the underlying judgment but exercised its discretion to construe the motion as one made pursuant to section 473, subdivision (d), and used it as a vehicle to amend the damages award.[3]

---

[2] Further statutory references are to the Code of Civil Procedure.

[3] A motion made pursuant to section 473, subdivision (b) must be made "within a reasonable time, in no case exceeding six

3

An amended judgment was filed on October 24, 2023. The new judgment deleted the statutory treble damages previously assigned to defendant Hakop Keshishyan and reduced punitive damages imposed for each of the remaining defendants.[4]

## DISCUSSION

### I. *Standard of Review*

An order denying a motion to set aside a default judgment is reviewed for abuse of discretion. (*Rios v. Singh* (2021) 65 Cal.App.5th 871, 885.) "The fate of such a motion "'rests almost entirely in the discretion of the court below, and appellate tribunals will rarely interfere, and never unless it clearly appears that there has been a plain abuse of discretion.'" [Citations.]" (*Anderson v. Sherman* (1981) 125 Cal.App.3d 228, 237.) "Under the abuse of discretion standard, "'[t]he trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.'" [Citation.]" (*G.F. Galaxy Corp. v. Johnson* (2024) 100 Cal.App.5th 542, 551.)

### II. *The Unrebutted Presumption of Correctness*
####    A. *Defendants' Burden*

We begin with the presumption that the court did not abuse its discretion and, on matters as to which the record is

months, after the judgment . . . ." (§ 473, subd. (b).) Section 473, subdivision (d) does not specify a deadline for making the motion.

4      Punitive damages were reduced in the following manner: (1) Platinum Motors, Inc. from $100,000 to $38,000; (2) Top Speed, Inc. from $150,000 to $56,000; and (3) Gevork Keshishyan from $292,000 to $76,000.

4

silent "'intendments and presumptions are indulged to support'" the court's ruling. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; see also *Professional Collection Consultants v. Lauron* (2017) 8 Cal.App.5th 958, 970–971.) "[T]he burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.]" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) In this respect, "[t]he appellant must present an adequate argument including citations to supporting authorities and to relevant portions of the record. [Citations.]" (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557.)

## B. *The Inadequate Record*

Defendants maintain they "presented substantial evidence of excusable neglect" and that "the equities" in their favor were "compelling." But a copy of defendants' motion (including any supporting evidence) is not included in the clerk's transcript. Moreover, defendants voiced no objection to the court revamping defendants' motion to one made under section 473, subdivision (d) thereby giving the impression that any previous argument grounded in section 473, subdivision (b) or equity was abandoned.

Similar problems arise when attempting to review defendants' constitutional claim. At the hearing, defense counsel thanked the court for "providing a thorough tentative,"[5] and then

---

**5** The court commenced the proceedings by commenting that it had issued a "revised tentative ruling" and that there was both a prior hearing and supplemental briefing on the issues. The record does not include a transcript of the prior hearing or a tentative ruling. The only briefing in the record is that of plaintiff in opposition to the motion.

took aim at the court's method of calculating damages. The discussion between defense counsel and the court included numerous references to the court's tentative ruling as well as to cases cited in defendants' motion.[6] In the midst of the discussion, the court "agreed" with the defense counsel's argument that its original calculation of punitive damages was "out of proportion" (presumably referring to the calculation in the initial judgment) and, when it issued the second judgment, it substantially reduced the punitive damages. But, without a record that includes the moving papers and the tentative decision, we are unable to conclude the back-and-forth between defense counsel and the court demonstrates the court abused its discretion by not providing an additional reduction to the punitive damages.[7]

---

[6]     At one point, defense counsel referred to page seven of the tentative decision suggesting the court's analysis was by no means condensed.

[7]     Both parties seem to assume the trial court's ruling on the motion is reflected in the second judgment. This may or may not be true. At the conclusion of the hearing, the court ordered a stay of execution of the judgment to remain intact "pending my ruling" and pointed out, "I'm going away at the end of the month. I'll try to get it done before then, so that you'll have some clarity." While the record includes the subsequent revised judgment, thereby suggesting the motion was otherwise denied, the record does not contain a specific ruling on the motion other than the court's comment at the hearing that a challenge to the underlying judgment was "too late." Given the thorough tentative decision acknowledged by defense counsel, it is reasonable to expect the court to issue a ruling targeting the motion rather than simply amending the damages award in the judgment. Regardless, even if we accept the second judgment as a ruling on the section 473,

6

Because of these gaps in the record, defendants are unable to rebut the presumption that the court properly denied defendants' motion and correctly entered judgment. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296 [failure to provide an adequate record requires the issues on appeal to be resolved against the appellant]; *Sanders v. Walsh* (2013) 219 Cal.App.4th 855, 873–874 [it is the appellant's burden on appeal to present an adequate record for review]; *Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.)[8]

## III. *The Absence of Record Citations*

"'It is the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations.'" (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856; see also Cal. Rules of Court, rule 8.204(a)(1)(C).) Plaintiffs argue defendants' challenge to the court's order and judgment should be rejected because "[o]ther than some procedural matters, [defendants'] opening brief includes not a single citation to the clerk's transcript." Indeed, the entire argument section of the opening brief is devoid of any citation to the record.

---

subdivision (d) aspect of the motion, the other deficiencies in the record warrant rejection of defendants' appellate contentions.

[8] In their reply brief defendants state they designated "the motion papers" for inclusion in the record. Defendants prepared a notice designating the record on Judicial Council form APP-003 which, in section four, states that a motion to vacate the judgment and ruling thereon will be included in clerk's transcript "but [the appealing party] must provide the date each document was filed, or if that is not available, the date the document was signed." Defendants did not fill in the space designated for the date of these documents.

7

Defendants filed a reply brief but did not address its failure to support their positions with references to the record other than to mention (without citation to authority) that "[p]rocedural forfeiture doctrines should not be rigidly applied where doing so would defeat the strong policy favoring trial on the merits."

We are not persuaded by defendants' unsupported contention. "'"The appellate court is not required to search the record on its own seeking error." [Citation.] Thus, "[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. [Citation.]" [Citations.]' [Citation.]" (*Shenouda v. Veterinary Medical BD.* (2018) 27 Cal.App.5th 500, 514.) Because none of defendants' arguments (including those in the reply brief) are supported by citation to the record they are deemed waived and can do nothing to rebut the presumption that the judgment was correctly entered.

## DISPOSITION

The judgment is affirmed. Plaintiff is to recover costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


KUMAR, J.[*]

We concur:


HOFFSTADT, P. J.


MOOR, J.

---

[*]       Retired Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.